STATE of Tennessee, Appellee,

v.

**Richard W. DANIEL, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

June 27, 1983.

Permission to Appeal Denied by Supreme Court Oct. 17, 1983.

**810**

William M. Leech, Jr., Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Weakley E. Barnard, Jack Seaman, Asst. Dist. Attys. Gen., Nashville, for appellee.

John L. Norris, Nashville, for appellant.

## OPINION

O'BRIEN, Judge.

This case comes from the Criminal Court for Davidson County. Defendant was indicted for first degree murder of Paul Moon, a fellow citizen of Davidson County. He was found guilty of second degree murder and sentenced to serve twenty (20) years in the penitentiary.

Defendant says the trial court erred in refusing to require the State to furnish him with the entire police reports of two officers, Detective Jerry Moore, and Officer James Smith, upon request properly made following the testimony of the officers on direct examination. Defendant, in his brief, concedes he was provided with redacted copies of the reports of both officers. His objection is that the State was not required to provide unredacted copies of the reports to him. He also apparently objected to denial of submission of a total report of the entire police investigation of the homicide. Relying on *State v. Robinson,* 618 S.W.2d 754 (Tenn.Cr.App.1981), defendant insists that the investigative report of the police was producible as a statement under the provisions of Tennessee Rule of Criminal Procedure 16(a)(1)(F).

The police report referred to in *Robinson,* supra, was a two page arrest report, handwritten and signed by the reporting officer. This Court held that after the officer testified the report became subject to "Jencks Act",[1] inspection, because it contained matters relating to the subject matter of his testimony, and so fell within the provisions of Rule 16(a)(1)(E). In Robinson we also held that the officer's report constituted a statement under 16(a)(1)(F) because it was a written statement *made by said witness and signed* or otherwise adopted or approved *by him.* (Emphasis in original). Despite the analysis of Rule 16 in Robinson, supra, apparently the misconception continues to exist as to the producibility of police reports, and their definition as a statement of a testifying officer.

In this case Detective Jerry Moore was the police officer in charge of the homicide investigation. In the course of this assignment it was his duty to prepare a complete report of the investigation from its initiation through its completion. This compilation contained some sixty or seventy pages. It included various standardized police forms for internal departmental use, summary reports by various police officers, crime reports, laboratory reports, statements of various witnesses, warrants, history sheets and all of the miscellaneous items of information essential to or resulting from the ongoing investigation.

 It is obvious that this police summary sought by the defendant for inspection does not meet the definition of the term "statement" as applied in Rule 16. This is plainly spelled out by the provision of Paragraphs (a)(2) and (b)(2) of the rule excepting from inspection reports, memoranda, or other internal documents made by the par-

ties in connection with the investigation or conduct of the case. As the United States Supreme Court said in *Palermo v. United States,* 360 U.S. 343, 352, 79 S.Ct. 1217, 1224, 3 L.Ed.2d 1287 (1959) in discussing the Federal Jencks Act, then 18 U.S.C. Sec. 3500, now, as we have noted, encoded as Rule 26.2 of the Federal Rules of Criminal Procedure:

> ". . . . It is clear that Congress was concerned that only those statements which could properly be called the witness' own words should be made available to the defense for purposes of impeachment. . . . . ."

The Palermo Court stressed, as we do here, that trial courts be guided by the standards enunciated in that case in keeping with the legislative intent in enactment of the rule. If a statement of a witness under Rule 16 definitions is included in a report compiled as an investigative record the statement must be excised along with any other producible material in the report and submitted to the opposing party for inspection. The remainder of any such report must be considered and treated as an internal document of the collating party and not subject to disclosure.

 In specific reference to the statement of Officer Smith, his trial testimony was almost identical to his report contained in the police records with the exception of deletions resulting from various objections by defense counsel, largely on the basis of hearsay. His statement was a narrative relating to the subject matter of his testimony. When demand for it was made it was the duty of the trial judge to determine first of all that a writing existed. Having found there was such a writing in existence

---

1. The reference in *State v. Robinson* to the "Jencks Act" is inexact. The United States Supreme Court case of *Jencks v. United States,* 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957) precipitated congressional action by Act of September 2, 1957, Pub.L. 85–269, 71 Stat. 595, encoded as 18 U.S.C.A., § 3500, commonly referred to as the Jencks Act, providing for the production of statements of government witnesses at trial. The statute was amended in 1970 by Pub.L. 91–452, Title I, § 102, 84 Stat.

926, to require production of the statements of grand jury witnesses, and again in 1979. The 1979 amendments added the requirement for the production of statements of defense witnesses in essentially the same manner as had been provided with respect to the statements of government witnesses. This Act became effective on December 1, 1980, and was incorporated into the federal rules as Fed.R.Crim.Proc. No. 26.2.

his next duty was to establish that it was related to the subject matter of the witness' testimony, and that it was a statement within the definition of the rule. The court may consider whatever evidence is necessary to determine these issues. Once it has been determined that a statement is producible, the court should examine the document *in camera*. If any part of it does not relate to the subject matter of the witness' testimony it is the court's duty to excise the unrelated material and order the remainder to be delivered to the moving party. The determination of what constitutes a producible statement is a matter that rests purely within the discretion of the trial judge and can be set aside by the appellate courts only if his decision is clearly erroneous. The material redacted from the report did not relate to the officer's trial testimony. All of the pertinent information contained in the report was already before the jury through his testimony. The trial court acted in accordance with the requirements of Rule 16, and any error in the manner the redaction was conducted did not result in prejudice to the defendant.

■ The same is virtually true with the statement of Detective Moore. At the conclusion of his direct testimony defense counsel moved for production of copies of the arrest report. The State again objected on the basis that the reports contained nothing other than hearsay. Counsel then asked for any prior statements of the witness, whether they were police reports or otherwise. The arrest reports contained nothing that related to the subject matter of the testimony of Detective Moore. The State offered a summary prepared by Detective Moore for the use of the District Attorney General's office. At the court's suggestion this document was redacted and submitted to defense counsel. The only parts of the document redacted pertained to the identification of the victim at the morgue by Moore and his partner, and to the identification of Daniels and his co-defendant. All other material relating to the subject matter of

the officer's testimony at trial was left intact.

There was no other statement as such by Detective Moore included in the investigative report which was transmitted to this Court for our review. The record is not clear on whether the trial judge inspected the summary prepared by Detective Moore, or the entire police investigative record before sealing them as exhibits for transmission to this Court. If he failed to do so it was error which did not effect the outcome of the trial. T.R.C.P. 52(a). Defendant was not entitled to inspection of the entire police investigative report. *Palermo v. United States,* supra.

■ Defendant says it was error for the trial judge to accept the verdict finding him guilty before the jury agreed on punishment for the offense in accordance with the statute. When the jury returned to deliver their verdict it was reported they found the defendant guilty of second degree murder and fixed his punishment "at imprisonment in the penitentiary for life or a period not less than ten years". After ascertaining the jury's intent regarding the verdict of guilt the judge explained to them their obvious error in assessing punishment and directed them to deliberate further on that issue. It is the duty of the trial judge to require the jury to amend an imperfect verdict, including assessment of legal punishment. *Jones v. State,* 526 S.W.2d 130, p. 134 (Tenn.Cr.App.1975).

The judgment of the trial court is affirmed.

TATUM, J., concurs.

DAUGHTREY, J., concurs in result.