**STATE of Tennessee, Appellee,**

v.

**Anita BIRGE, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 25, 1990.

Permission to Appeal Denied by Supreme Court June 11, 1990.

---

Charles W. Burson, Atty. Gen. & Reporter, James W. Milam, Asst. Atty. Gen., Nashville, William Paul Phillips, Dist. Atty. Gen., Sonny Sexton, Asst. Dist. Atty. Gen., Huntsville, for appellee.

Creed A. Daniel, Charles E. Fraley, Knoxville, for appellant.

## OPINION

JONES, Judge.

The appellant, Anita Birge, entered pleas of guilty to murder second degree and aggravated assault. The trial court found that the appellant was a standard offender and imposed the following Range I sentences: twenty (20) years in the Department of Correction for the offense of murder second degree and five (5) years in the Department of Correction for the offense of aggravated assault. The sentences were ordered to be served concurrently.

The appellant contends in this Court that the trial court committed prejudicial error in finding that she did not qualify for sentencing pursuant to the Tennessee Commu-

nity Corrections Act of 1985, several errors were made by the trial judge during the sentencing hearing, and the sentences imposed were too severe.

## ELIGIBILITY FOR COMMUNITY CORRECTIONS SENTENCE

██ The trial court correctly held that the appellant did not qualify for sentencing pursuant to the Tennessee Community Corrections Act of 1985.[1] A person who commits a violent crime is not eligible for sentencing pursuant to the Act.[2] The offenses of murder second degree and aggravated assault are clearly both violent crimes.

The Legislature limited the application of the Community Corrections Act to nonviolent offenders. One of the purposes of the Act is to "[e]stablish a policy within the state of Tennessee to punish selected, *nonviolent felony offenders* in front-end community based alternatives to incarceration, thereby reserving secure confinement facilities for *violent felony offenders.*"[3] One of the goals of the Act is to "[r]educe the number of *nonviolent felony offenders* committed by participating counties to correctional institutions and jails by punishing these offenders in noncustodial options as provided in this chapter."

This issue is without merit.

## SENTENCING ISSUES

The appellant also contends that the sentencing hearing was flawed by the commission of several errors. She argues that the trial judge received and read mail which requested the trial judge to impose lengthy sentences,[4] the District Attorney General did not file a notice of enhancing factors, and the sentence imposed was not the least severe measure necessary to achieve the purpose for which the sentences were imposed. She further argues that she was punished for being an alcoholic rather than the criminal offenses she is accused of committing.

The trial judge advised the appellant and her attorneys that he had received "a large number of letters from a great many people on the subject of this case, which I do not file and *do not consider to be anything that I'm to consider,* unless they're presented in Court. I don't have those letters . . . ." [emphasis added]. At another point the trial judge related: ". . . I don't think there's any question but what everybody would be fully aware that the surviving victim and the members of the victim's family vehemently oppose any relief to this lady. That's the substance of all the letters."

██ It is highly improper for a citizen to write or otherwise communicate with a judge regarding the disposition of a pending case. However, most judges, knowing that such letters are improper, either don't read the letters or don't consider the letters in reaching their decision. Nevertheless, all of the letters received by a trial judge, whether received in chambers or in open court, should be filed in the cause and made a public record. Such a format permits counsel for the respective parties to read the letters. In addition, the letters may be considered by this Court when a party presents an issue predicated upon the letters. Moreover, this format will result in the avoidance of any potential impropriety or appearance of impropriety, namely, being influenced by the letters received in chambers. Tenn.Sp.Ct. Rule 10, Cannon 2. *See* Tenn.Sp.Ct. Rule 10, Cannon 3 regarding the duty of a judge to perform the duties of his office impartially.

1. Tenn.Code Ann. § 40–36–101, *et seq.* (Supp. 1988).

2. Tenn.Code Ann. § 40–36–106(a)(3) Supp. 1988); *State v. Frank Melvin Meeks,* 779 S.W.2d 394 (Tenn.Crim.App.1988). [for publication], application for permission to appeal denied January 30, 1989; *State v. David Morton Williams,* Knox County No. 1175, May 1988 Session at Knoxville, opinion filed August 22, 1988. The application for permission to appeal in *Williams* was denied November 7, 1988.

3. Tenn.Code Ann. § 40–36–103(1) (Supp.1988). [Emphasis added].

4. The trial judge also read and considered several favorable letters which were submitted by the appellant. These letters are contained in the record transmitted to this Court.

■ The appellant has waived any complaint she might have regarding the reading of the letters. The record does not reflect that she interposed a contemporaneous objection or moved the trial judge to recuse himself. Tenn.R.App.P. 36(a). Furthermore, the trial judge stated that he did not consider these letters in determining the sentences to be imposed.

■ Contrary to the appellant's argument, a trial judge may consider enhancement factors notwithstanding the fact the district attorney general does not file a notice of enhancement factors. Tenn.Code. Ann. § 40–35–202(b)(1) and (b)(2) are permissive. In short, a trial judge may in the exercise of his discretion order the district attorney general and the defendant to file a statement setting forth any enhancement or mitigating factors they believe he should consider in imposing sentence. In addition, the district attorney general and the defendant may, if they desire to do so, file such a statement without being ordered to do so.

■ The appellant's contention that the sentences imposed are too long and are not the least severe measure necessary to achieve the purposes for which the sentences were imposed are equally without merit. After conducting a *de novo* review of the record without a presumption of correctness, we are of the opinion the sentences imposed by the trial judge are appropriate; and we adopt the sentences.

The record does not reveal the presence of any mitigating factors and the appellant has failed to bring any such factors to our attention. However, there are enhancement factors present. The offense involved more than one victim. Tenn.Code Ann. § 40–35–111(3). Also, the appellant had no hesitation about committing a crime when the risk to human life was high. Tenn.Code Ann. § 40–35–111(10). Other applicable factors are elements of the offenses and cannot be considered. Tenn. Code Ann. § 40–35–111.

Lengthy sentences are warranted in their case to avoid deprecating the seriousness of the offenses, Tenn.Code Ann. § 40–35–103(1)(B) and to deter others likely to commit similar offenses. Tenn.Code Ann. § 40–35–103(1)(B).[5] Furthermore, there is some question as to whether the appellant has the potential for rehabilitation or treatment. T.C.A. § 40–35–103(5). The appellant continued to consume alcoholic beverages after the commission of these crimes, and she was seen driving her motor vehicle while under the influence during this period. She also refused to take responsibility for her actions—she contended the offenses were committed by someone other than herself. She gave several statements to the police to this effect.

The circumstances of these offenses are especially violent, horrifying and shocking. The appellant, while in a drunken stupor, drove her vehicle on the wrong side of the road while topping a hill and struck the motor vehicle containing the two victims. A small boy was killed. The child's mother was seriously maimed and sustained permanent disability to her bodily functions.

■ The appellant's assertion that she should receive a split sentence, confinement and probation, overlooks the fact that the appellant is not eligible for probation in view of the twenty (20) year sentence. T.C.A. § 40–35–303(a). This statute provides: "A defendant shall be eligible for probation under the provisions of this chapter if the sentence actually imposed upon such defendant is *ten (10) years or less.*" [Emphasis added].

The judgment of the trial court is affirmed.

BIRCH, J., and JOHN D. TEMPLETON, Special Judge, concur.

---

**5.** *See State v. Cleavor,* 691 S.W.2d 541, 543 (Tenn.1985); *State v. Garren,* 644 S.W.2d 701, 703 (Tenn.Crim.App.1982).