IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

APRIL 1998 SESSION



FILED

June 25, 1998

Cecil W. Crowson
Appellate Court Clerk

§

STATE OF TENNESSEE,
        APPELLANT

§

VS.                                                    C.C.A. No. 01C01-9707-CR-00295

§       DAVIDSON COUNTY
                                                       HONORABLE SETH NORMAN

DAVID RAY McCORMICK             §
        APPELLEE                                       (SENTENCING)


FOR THE APPELLANT                          FOR THE APPELLEE

John Knox Walkup                           Jeffrey A. Devasher
Attorney General and Reporter              Assistant Public Defender
425 Fifth Avenue, North                    (On Appeal)
Nashville, TN  37243

Karen M. Yacuzzo                           Stephen G. Young
Assistant Attorney General                       Assistant Public Defender
425 Fifth Avenue, North                    (At Hearing)
Nashville, TN  378243                      1202 Stahlman Bldg.
                                           Nashville, TN  37201
Jim Milam
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN  37201-1649




OPINION FILED:  _____


**REVERSED AND REMANDED**


L. T. LAFFERTY, SPECIAL JUDGE

**OPINION**

The defendant, David McCormick, pled guilty to aggravated assault. The trial court, after a sentencing hearing, sentenced the defendant to confinement in the community corrections for six years. As conditions of this placement in community corrections, the trial court required the defendant to pay for electronic monitoring; ordered house arrest except for employment; and ordered the defendant to pay fifty percent of his net income for restitution and costs.

In this appeal of right, the State contends that the trial court erred by sentencing the defendant to the community corrections program for a crime of violence. The State, also, contends the defendant is not entitled to probation and, thus, the defendant should serve his sentence in confinement. After a review of the record in this cause, briefs of the parties, and applicable law, the trial court's judgment is reversed and remanded to the trial court for re-sentencing.

**Background**

In May, 1995, the Davidson County grand jury accused the defendant of criminal attempt, to-wit: murder first degree involving the shooting of one Ricky Stanfill in December, 1994. On March 6, 1997, the defendant entered a plea of guilty to aggravated assault, agreeing to a Range I six year sentence, and requested a hearing for alternative sentencing. A transcript of the guilty plea entry was not included in the record. The trial court held a bifurcated hearing on April 9 & 16, 1997, to determine the merits of the defendant's application for alternative sentencing.

2

## Sentencing Hearing

Although present at the sentencing hearing, neither the victim nor defendant testified.

As part of its evidence, the State offered the testimony of Mr. Jim Dallas Crouch. Mr. Crouch, a drummer in a band in a nightclub in Davidson County, had stepped outside for a cigarette during a break. The victim, Stanfill, and the defendant were standing outside in the parking lot. Prior to Crouch's going outside, he had heard some words being exchanged between the victim and defendant and knew there was a "problem." Crouch observed the defendant shoot the victim. Crouch, a former Navy corpsman, applied pressure to a wound in the victim's abdomen, and took him inside the bar to wait for an ambulance. Crouch never saw a gun or weapon in the victim's possession. The State also submitted a letter from the victim's doctors concerning his wound, two certified records of convictions of the defendant, and a pre-sentence report.

A summary of the defendant's evidence for alternative sentencing established that the defendant is employed as an operator in a steel processing plant. His employer found the defendant reliable and dependable and stated that the defendant would likely be promoted. The employer has prior experience with persons on probation and agreed to work with the court and the defendant if he were placed on community corrections or probation. The defendant's mother testified her son assists her in paying her rent and utilities, sees to her medical problems and believes he has straightened out his drinking. The mother admitted her son

had a history of drinking and assaults and being on probation on several occasions, but was unaware that any periods of probation were revoked. Also, she was unaware of her son using marijuana. The defendant's sister testified in support of her brother. She has talked to the defendant about the offense; he is very sorry about the shooting and has turned his drinking around. She confirmed that the defendant assisted his mother in her debts. Apparently while on bail for this offense, the defendant had been arrested and convicted for the possession of marijuana, but the sister and defendant did not tell their mother due to her bad health. The sister believes the defendant should be placed on community corrections or probation.

Based on this evidence the trial court placed the defendant on community corrections supervision. Thus leading to this appeal.

### Community Corrections/Probation
### Alternative Sentences

First, we will address the placement of the defendant on community corrections in lieu of probation. Since the defendant entered a plea of guilty to aggravated assault, a Class C felony, the defendant is presumed to be a favorable candidate for probation or an alternative sentence, in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102 (6). The defendant has the burden of establishing that he is a favorable candidate for alternative relief. Tenn. Code Ann. § 40-35-303(b). Even when the State complains of the sentence of a defendant, we must conduct a *de novo* review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). Therefore, the burden of showing the sentence is improper is upon the State. The presumption that determinations made by

the trial court are correct is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby,* 823 S.W.2d 166 (Tenn. 1991); *State v. Smith,* 898 S.W.2d 742 (Tenn. Crim. App. 1994).

If appellate review reflects that the trial court properly considered all relevant facts and its finding of facts are adequately supported by the record, this Court must affirm the sentence, "even if we would have preferred a different result." *State v. Fletcher,* 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In arriving at the proper determination of an appropriate sentence, the trial court must consider (1) the evidence, if any, received at the plea of guilty; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statements the defendant wishes to make in the defendant's behalf about the sentencing; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-210(a), (b) (1997); Tenn. Code Ann. § 40-35-103(5) (1990); *State v. Holland,* 860 S.W.2d 53 (Tenn. Crim. App. 1993).

In it's ruling the Court stated:

> I'm going to put Mr. McCormick on work release--I mean, on six years probation. I'm going to require him to pay for electronic monitoring. He will not be allowed out of his house for any purpose, whatsoever, other than to go to work.
>
> He will pay fifty percent of the net income that he derives from his employment towards any restitution and any cost and fines that have evolved out of this case. He will pay for it.

He'll be placed on Community Corrections for a period of six years. If he steps out of line one inch, I will double that sentence. That's the ruling of the Court.

He is to have electronic monitoring before the sun sets today, and he not to go out of that house--except to go to work.

The State contends, since the trial court did not make any findings regarding relevant sentencing considerations, this Court should conduct a *de novo* review without the presumption of correctness. Naturally, the defendant contends the trial court was correct in its judgment. We believe the State is correct and will conduct a *de novo* review without the presumption.

The State contends, and the defendant concedes, that the defendant, having been convicted of aggravated assault in this case, is ordinarily ineligible for sentencing under the Community Corrections Act. Tenn. Code Ann. § 40-36-106(a). Under section (a), those convicted of violent felony offenses and those convicted of felony offenses involving crimes against the person are normally statutorily excluded from community corrections sentences. *State v. Braden,* 867 S.W.2d 750 (Tenn. Crim. App. 1993); *State v. Birge,* 792 S.W.2d 723 (Tenn. Crim. App. 1990). Since violent offenders are not statutorily eligible for community corrections, section (c) of Tenn. Code Ann. § 40-36-106, however, provides as follows:

Felony offenders not otherwise eligible under subsection (a), and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather that in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

6

The State contends the trial court failed to find any special needs applicable to the defendant in its ruling and thus is ineligible for community corrections. Of course, the defendant maintains the trial court did find special needs based on the defendant's past abuse of alcohol. A trial court, in its determination for placing a defendant in the community corrections program under section (c), must consider (1) the offender has a history of chronic alcohol, drug abuse, or mental health problems; (2) these factors were reasonably related to and contributed to the offender's criminal conduct; (3) the identifiable special need (or needs) are treatable; and, (4) the treatment of the special need could be served best in the community rather than in a correctional institution. *State v. Boston,* 938 S.W.2d 435 (Tenn. Crim. App. 1996).

Since this Court is conducting a *de novo* review of the defendant's sentence, we will be guided by the same criteria as the trial court. As to factor (1) the defendant through his mother and sister offer evidence of a history of alcohol abuse. Between November, 1983, and January, 1991, the defendant has three convictions for driving under the influence of alcohol. Since this present offense occurred at a bar, it can be reasonably inferred that alcohol was involved. Also, the defendant has attended AA meetings, which have evidently been unsuccessful. Although the pre-sentence report indicates that the defendant quit using marijuana in 1982, he has two convictions for drug possession since 1983. It is obvious that at the sentencing hearing, the trial court was concerned about the defendant's history of alcohol abuse and possibly, inferentially, that is the reason why

7

the trial court placed the defendant on community corrections. However, the defendant failed to establish by a preponderance of the evidence just as to how this special need, abuse of alcohol, could be effectively treated in the community. Based on the defendant's history of criminal behavior as outlined in the pre-sentence report, the defendant's history of criminal convictions and behavior, to-wit: four assaults and one weapon offense, the defendant has failed to establish his placement in the community corrections program was proper. The trial court was in error for this placement.

Second, now we will consider the question of probation. The State argues that the defendant, based on his past criminal convictions and behavior, is not entitled to straight probation, but at least one year confinement and then, if applicable, probation. The defendant contends the State did not present evidence that rebuts the statutory presumption that the defendant is entitled to probation.

In *State v. Dowdy,* 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994), this Court examined the standards governing a trial court's determination of whether continuous confinement is necessary:

> Our Sentencing Act reflects the individualized nature of alternative sentencing. When imposing a sentence of total confinement, the trial court should base its decision on the considerations listed in Tenn. Code Ann. § 40-35-103(1):
>
> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly

suited to provide an effective deterrence to others likely to commit similar offenses; or

        (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

From our analysis of the record the defendant would not be entitled to straight probation. However, the trial court, after observing the witnesses and the defendant and after reviewing the reports, in its determination to grant community corrections saw or felt something at this hearing. Therefore, this Court reverses and remands this case to the trial court to determine an appropriate sentence, including split confinement and any other reasonable condition of probation, if any.

                             _____
                             L. T. Lafferty, Special Judge

**CONCUR:**

_____
Gary R. Wade, Presiding Judge

_____
Thomas T. Woodall, Judge