IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JULY 1999 SESSION

FILED

August 26, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| STATE OF TENNESSEE, | ) | |
|---|---|---|
| | ) | |
| Appellee, | ) | No. 02C01-9810-CC-00338 |
| | ) | |
| | ) | Carroll County |
| v. | ) | |
| | ) | Honorable C. Creed McGinley, Judge |
| | ) | |
| JERRY JAMES HAYES, | ) | (Second degree murder) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

D.D. Maddox
19695 East Main Street
P.O. Box 827
Huntingdon, TN 38344-0827

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
        and
Patricia C. Kussmann
Assistant Attorney General of Tennessee
425 Fifth Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN 37243-0493

G. Robert Radford
District Attorney General
        and
Eleanor Cahill
Assistant District Attorney General
111 Church Street
P.O. Box 686
Huntingdon, TN 38344-0686

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton

Judge

**O P I N I O N**

The defendant, Jerry James Hayes, appeals as of right from his conviction by a jury in the Carroll County Circuit Court for second degree murder, a Class A felony. The defendant was sentenced as a Range I, standard offender to twenty-three years confinement in the Department of Correction and was fined fifty thousand dollars. On appeal, the defendant raises the following issues:

> (1) whether the trial court erred by not requiring the prosecutor to produce written notes made during a pretrial conversation with a state's witness, pursuant to Rule 26.2, Tenn. R. Crim. P.; and

> (2) whether the trial court erred by considering the defendant's prior criminal record as an enhancement factor because the state did not provide notice of intent to seek enhancement and the only evidence of the previous convictions was contained in the presentence report, which was uncertified and unverified.

We affirm the judgment of conviction.

The defendant was convicted of second degree murder for the shooting death of Tracy Meckly, a co-worker. Testimony at trial revealed that the defendant and victim argued at work because the defendant threw empty beer bottles into the victim's truck. Following a heated exchange, the defendant shot the victim in the chest.

In his first issue, the defendant contends that the trial court erred by not requiring the prosecutor to produce notes that she made during a pretrial interview with a state's witness, Lozette Burrow. The defendant argues that the prosecutor was required to produce the notes after Ms. Burrow's trial testimony pursuant to Rule 26.2, Tenn. R. Crim. P. The state contends that the trial court correctly determined that the prosecutor was not required to produce the notes.

Rule 26.2, Tenn. R. Crim. P., provides, in pertinent part, as follows:

(a) Motion for Production. After a witness other than the defendant has testified on direct examination, the trial court, on motion of a party who did not call the witness, shall order the attorney for the state or the defendant and the defendant's attorney, as the case may be, to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter concerning which the witness has testified.

. . . .

(g) Definition. As used in this rule, a "statement" of a witness means:
　　(1) a written statement made by the witness that is signed or otherwise ad[...]

　　(2) a substantially verbatim recital of an oral statement made by the witness that is recorded contemporaneously with the making of the oral statement and that is contained in a stenographic, mechanical, electrical, or other recording or a transcription thereof.

After Ms. Burrows testified at trial, the following exchange occurred:

DEFENDANT'S ATTORNEY: Jencks material, please.[1]

GENERAL OVERTON: Your honor, may we come up?

TRIAL COURT: Yes.

TRIAL COURT: Does the State have in their possession any written statement that was signed or otherwise adopted by this witness or a substantially verbatim recital of any of the oral statements that were recorded contemporaneously with the making of an oral statement that is contained in stenographic, electrical or other recorded transcription?

GENERAL CAHILL: No, sir.

GENERAL OVERTON: No, sir.

TRIAL COURT: All right, let the record so reflect.

DEFENDANT'S ATTORNEY: All right, if Your Honor please, I'd like to cover this with this witness. And I don't think it's proper to do that with the jury in here, Your Honor.

GENERAL OVERTON: Let me just -- D.D. has come up with a bunch of comments about notes. Ms. Cahill talked about

---

[1]The phrase "Jencks material" is derived from <u>Jencks v. United States</u>, 353 U.S. 657, 77 S. Ct. 1007 (1957), and the subsequent congressional action that was ultimately incorporated into Rule 26.2 of both the Federal and Tennessee Rules of Criminal Procedure, requiring the production of statements of witnesses at trial.

3

notes and did take some notes. They are notes taken for her own use, interviewing a witness.

TRIAL COURT: What I'm going to do, let me recess the jury. I'm going to take this issue up. We need to thrash it out. I don't think it's any more appropriate for you to discover her notes than it would be for her to discover your notes.

DEFENDANT'S ATTORNEY: You're exactly right. But I think the law permits it.

TRIAL COURT: Well, it won't allow them to get an investigator's. I mean research it on that. And I think an attorney is even one step further than that, unless it's some type of verbatim or a recording or something that's purported to be--

DEFENDANT'S ATTORNEY: Well, shorthand notes could be verbatim, you see.

[jury recessed]

TRIAL COURT: All right, so as to further clarify this issue, request has been made after each witness testified for any Jencks material pursuant to our rules of procedure. And I have asked the attorney general's office if they had a written statement of this person that had not previously been furnished or any statement that was signed or adopted by them or any verbatim transcript, either electronic or stenographic or anything, of a statement made by this witness. They have indicated – a verbatim. They have indicated that they do not have this. There is case law that says that things such as an investigator talking to a witness if it were done on your bequest is not discoverable material. And I think we're getting into a real cloudy area to ask an attorney to show you what they've done as far as their notes in preparation for trial, whether it's a pretrial conference, which I understand is essentially what you're seeking. If they've got any type of recording, verbatim transcript or anything of this witness, they are expected to disclose it. If they don't, upon their representation as an officer of the court they have none, then that should be the end of the matter. Now, let me hear where you want to go with this.

DEFENDANT'S ATTORNEY: All right, if Your Honor please, it is my contention that there is no exemption for lawyers or investigators or anybody else. That's what the Jencks rule--

TRIAL COURT: If they've got--

DEFENDANT'S ATTORNEY: Right.

TRIAL COURT: --that verbatim transcript or a statement adopted.

4

DEFENDANT'S ATTORNEY: All right, and if Ms. Cahill talked to this witness and took notes in shorthand I think we're entitled to that under the Jencks--

TRIAL COURT: Unless it's a verbatim transcript. She might have put this witness came in shaggy haired, bad breath, smelling of alcohol. That's not the witness' statement. That's not what you're entitled to . . . .

DEFENDANT'S ATTORNEY: There's no way that we can determine, if Your Honor please, whether it's verbatim or not if it's in shorthand until it's seen--

TRIAL COURT: Wait a minute. Ms. Cahill, I've watched her for years, in trying a case, if you'll notice what she does, part way in shorthand and part of it in her illegible longhand.

. . . .

TRIAL COURT: But . . . unless you say that they are fibbing to you as an officer of the court-- and I've got some real problems if you're making those accusations.

DEFENDANT'S ATTORNEY: I do not know that, if Your Honor please.

TRIAL COURT: Okay.

DEFENDANT'S ATTORNEY: And I want to ask this witness what happened. And that's what I was going to try to adduce by her in the absence of the jury.

The trial court then permitted the defendant's attorney to question Ms. Burrows about the pretrial interview. Ms. Burrows stated that the prosecutor "wrote something down in shorthand while we were talking." The trial court then asked the prosecutor if she made any type of verbatim transcript of her interview with Ms. Burrows, and the prosecutor replied that she did not. The trial court then stated, "All right, that's the end of it." The defendant's attorney did not request that the trial court review the notes nor did he move to admit the notes as part of the record.

The defendant contends that the trial court erred by not requiring the prosecutor to produce her notes pursuant to Rule 26.2. He argues that the trial court never personally reviewed the notes and that the prosecutor's statement that she did not have Jencks material should not be sufficient. The state contends that the trial

5

court made a proper finding that the prosecutor's notes were not Jencks material to be provided to the defense.

"The determination of what constitutes a producible statement is a matter that rests purely within the discretion of the trial judge and can be set aside by the appellate courts only if his decision is clearly erroneous." State v. Daniel, 663 S.W.2d 809, 812 (Tenn. Crim. App. 1983) (considering Rule 16(a)(1)(F), the precursor to the current Rule 26.2). The trial court in the present case relied upon the prosecutor's affirmation as an officer of the court that she did not have any notes for production under Rule 26.2, as well as its belief, based upon case law, that the notes were not producible. We believe that the better practice would have been for the trial court first to determine whether a writing existed and then to examine the writing to determine whether it related to the subject matter of the witness's testimony, and whether it was a statement within the definition of Rule 26.2. See Daniel, 663 S.W.2d at 811-12.

However, we note that the defendant did not request such an inspection and did not request to make the notes a part of the record on appeal. Furthermore, we doubt whether the prosecutor's notes would fall within the purview of Rule 26.2. This court has previously determined that notes made by an investigator while interviewing a witness do not qualify under the definition of a "substantially verbatim recital" of a witness's oral statement under Rule 26.2. State v. Terrence L. Davis, 02C01-9511-CR-00343, Shelby County (Tenn. Crim. App. June 2, 1997). We believe that the same holding would apply to notes made by an attorney. Also, considering the witness's statement that the prosecutor merely wrote something down during the interview, and the prosecutor's affirmation that she did not contemporaneously record the witness's statement, the defendant has not shown harm.

6

Next, the defendant contends that the trial court erred by relying on the defendant's prior criminal history, as contained in the presentence report, to enhance the length of his sentence. First, he argues that the state did not file a notice of enhancement factors. He also argues that the presentence report explicitly states that the prior criminal history was not certified or verified nor did the state present the testimony of the officer who prepared the report. The state contends that a trial court can properly rely on the information contained in the presentence report unless it is shown that the report is based upon unreliable sources or is otherwise inaccurate.

First, we note that it is not necessary for the state to file a notice of enhancement factors under Tenn. Code Ann. § 40-35-114 in order for the trial court to consider the factors at sentencing. State v. Birge, 792 S.W.2d 723, 726 (Tenn. Crim. App. 1990). The notice requirement of the sentencing act applies to determining the offender's range status, not to applying enhancement and mitigating factors. See Tenn. Code Ann. § 40-35-202(a).

Next, the defendant contends that the trial court should not have relied upon the convictions contained within the presentence report because the report states that it is not certified or verified, and the officer who prepared the report did not testify. At the beginning of the sentencing hearing, the defendant's attorney stated, "While I say I have no objection to the filing [of the report], that doesn't mean I don't contest some of the things in it. . . . We dispute some of the facts, but they're properly filed." The attorney did not specify what facts were in dispute. After the trial court applied the defendant's previous criminal history as an enhancement factor, the attorney objected because the report was not sworn to or certified. The trial court overruled the objection and stated, "It's been filed in this record. It was not contested by the Defendant. And the Court feels it is appropriate to use it in that form." The attorney later stated that "the

7

basis for our objection is that the prior convictions you have, they're pure hearsay and it's not available to this Court."

According to Tenn. Code Ann. § 40-35-209(b), reliable hearsay is admissible at the sentencing hearing.  Also, Tenn. Code Ann. § 40-35-210(b)(2) provides that the presentence report shall be considered by the trial court to determine the appropriate sentence.  Although the defendant indicated at the sentencing hearing that he disputed some of the facts contained in the report, he never indicated which facts.  The defendant did not deny that he committed the crimes listed in the report, and he did not seek a continuance for the opportunity to refute the accuracy of the information.  See State v. Richardson, 875 S.W.2d 671, 677 (Tenn. Crim. App. 1993).  The defendant has failed to show that the report is based upon unreliable sources or is otherwise inaccurate, either at trial or on appeal.

Furthermore, although the defendant characterizes the criminal history in the report as unverified, the report states that the convictions upon which the trial court relied were verified through a check of county court records, the Missouri Department of Correction, and other local and state agencies.  The report contains other arrests without dispositions that were unverified, but the record shows that the trial court did not rely upon those arrests.  Finally, the officer who prepared the presentence report signed the report, stating, "Unless otherwise noted, the information contained herein has been verified and is accurate to the best of this officer's knowledge."  We believe that the trial court properly relied upon the defendant's criminal history contained in the presentence report.

In consideration of the foregoing and the record as a whole, we affirm the judgment of conviction.

_____
Joseph M. Tipton, Judge

8

CONCUR:

_____
James Curwood Witt, Jr., Judge


_____
John Everett Williams, Judge

9