IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1998 SESSION

FILED

December 21, 1998

Cecil W. Crowson
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9801-CC-00042 |
| Appellee, | ) | |
| | ) | COFFEE COUNTY |
| VS. | ) | |
| | ) | HON. GERALD L. EWELL, SR., |
| MARK A. HILL, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |

FOR THE APPELLANT:

THOMAS C. FARIS
101 S. College Street
Winchester, TN 37398-1517

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and
Reporter

KIM R. HELPER
Assistant Attorney General
Cordell Hull Building, 2nd
Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

C. MICHAEL LAYNE
District Attorney General
307 South Woodland
P.O. Box 147
Manchester, TN 37355-0147

OPINION FILED: _____

AFFIRMED


JOE G. RILEY,
JUDGE

The defendant, Mark A. Hill, appeals the sentence imposed by the trial court after he pled guilty to one (1) felony count of theft over $1,000 and six (6) misdemeanor counts of theft under $500. The trial court sentenced him to concurrent terms of three (3) years for the felony and eleven (11) months and twenty-nine (29) days for the misdemeanors. The defendant was ordered to serve ten (10) months and twenty-four (24) days in the Coffee County jail with the remainder on probation. The defendant contends the trial court abused its sentencing discretion in the following manner:

> (1) failing to properly consider the defendant's mitigating factors and order total probation, while erroneously considering enhancement factors not submitted by the state;
>
> (2) improperly considering that the defendant was living out of wedlock with the mother of his illegitimate child; and
>
> (3) failing to give proper weight to the defendant's mental limitations.

After a thorough review of the record and applicable sentencing principles, we AFFIRM the judgment of the trial court.

## FACTS

The defendant was employed by the Staggerwing Museum Foundation at the time the offenses were committed. Over the course of several weeks, the defendant on numerous occasions stole property from the museum and its owner. During an investigation, the defendant confessed to the thefts and returned the majority of the stolen property.

The defendant agreed to plead guilty to one (1) felony count of theft over $1,000 and six (6) misdemeanor counts of theft under $500. The defendant agreed to concurrent sentences of three (3) years for the felony and eleven (11) months and twenty-nine (29) days for the misdemeanors with the manner of service to be determined by the trial court. In accordance with a mental evaluation of the defendant, the state agreed that any incarceration ordered by the trial court should be served in the Coffee County Jail rather than the Department of Correction. The prosecutor suggested that the defendant serve ten (10) months and twenty-four (24) days in jail, apparently in an attempt to match the release eligibility date for a three (3) year sentence as a Range I, standard offender in the Department of Correction.

The trial court acquiesced to the prosecutor's recommendation regarding local confinement. In doing so, it considered the defendant's proposed mitigating factors and found three (3) enhancement factors applicable. Additionally,

4

the trial court ordered the defendant to perform one hundred (100) hours community service and make restitution to the victim.

## SENTENCING

### A.

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tenn. Code Ann. § 40-35-103(1):

(A) [c]onfinement is necessary to protect

5

society by restraining a defendant who has a long history of criminal conduct;

(B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997);State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995). A court may also consider the mitigating and enhancing factors set forth in Tenn. Code Ann. §§ 40-35-113, 114, as they relate to Tenn. Code Ann. § 40-35-103. See Tenn. Code Ann. § 40-35-210(b)(5).

In this case the trial judge conscientiously considered the various sentencing principles and all relevant facts and circumstances. If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under our sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred another result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

We conclude the trial court did not abuse its discretion in sentencing the defendant. The court accepted the defendant's five (5) mitigating factors;[1] however, it found *sua sponte* the following enhancement factors applicable:

> (1) the defendant has a history of criminal convictions
> or criminal history in addition to those necessary to establish the appropriate range, Tenn. Code Ann. § 40-35-114(1);[2]
>
> (2) the felony was committed while the defendant was on probation, Tenn. Code Ann. § 40-35-114(13)(C); and
>
> (3) the defendant abused a position of private trust, Tenn. Code Ann. § 40-35-

---

[1] The defendant asserted the following mitigating factors:

> (1) the defendant's criminal conduct neither caused nor threatened serious bodily injury, Tenn Code Ann. § 30-35-113(1);
>
> (2) substantial grounds existed tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense, Tenn. Code Ann. § 40-35-113(3);
>
> (3) the defendant, because of his youth, lacked substantial judgment in committing the offense, Tenn. Code Ann. § 40-35-113(6);
>
> (4) the defendant was suffering from a mental condition that significantly reduced his culpability for these offenses, Tenn. Code Ann. § 40-35-113(8); and
>
> (5) the defendant has the responsibility of caring for a young minor child and quite probably has the best job situation in terms of payment that he will ever have in his life, has shown remorse for the crimes he has committed, and incarceration will quite probably cost him any opportunity to lead a normal and productive role in society at the wage he is presently earning.

[2] The defendant has previously been convicted of possession of marijuana, public intoxication, and underage possession of alcohol.

114(15).

A trial court may consider enhancement factors even though the prosecution failed to file a notice of them. <u>State v. Birge</u>, 792 S.W.2d 723, 726 (Tenn. Crim. App. 1990).

The state now concedes the record is unclear as to whether the defendant was on probation at the time the instant offenses were committed. Furthermore, we note that Tenn. Code Ann. § 40-35-114(13) only applies when the prior conviction was a felony. Nevertheless, less restrictive measures than confinement have recently been applied unsuccessfully to the defendant. The defendant has received suspended sentences in the past; yet, this failed to deter him from future criminal conduct. This is a valid statutory basis upon which to base a sentence of confinement. *See* Tenn. Code Ann. § 40-35-103(1)(C). Accordingly, when the defendant's prior criminal conduct is considered in conjunction with his abuse of a position of private trust, the trial court can hardly be said to have abused its discretion in ordering a period of confinement.

The defendant's remaining issues are without merit. The trial court did mention the defendant's "illegitimate" child, but did so in the context of determining whether the defendant had a financial obligation to the child. Further, the trial court

8

considered the defendant's mental limitations in arriving at the sentence. The trial court ordered the defendant's confinement served locally to avoid the inherently adverse effect a Department of Correction sentence would have on a mentally challenged individual. We find no abuse of discretion by the trial court.

As the defendant has failed to show the impropriety of his sentence, the judgment of the trial court is AFFIRMED.

_____
JOE G. RILEY, JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE

_____
JOSEPH M. TIPTON, JUDGE