IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
March 23, 2016 Session Heard at Lincoln Memorial University, Duncan School of
Law

**STATE OF TENNESSEE v. MICHAEL D. HERNANDEZ**

**Appeal from the Circuit Court for Anderson County**
**No. A9CR0883      Donald Ray Elledge, Judge**
_____

**No. E2015-01365-CCA-R3-CD – Filed September 27, 2016**
_____


JOHN EVERETT WILLIAMS, J., concurring in part and dissenting in part.

I agree with the majority's conclusion upholding the Defendant's conviction for rape of a child and his twenty-five-year sentence. Moreover, while I agree with the majority's conclusion that Ms. Powell's notes do not qualify as a "statement" of the victim pursuant to Tennessee Rule of Criminal Procedure 26.2, I write separately to address the issue of whether Ms. Powell's notes qualify as a "statement" of Ms. Powell as the testifying witness pursuant to Rule 26.2.

This court has recognized that "'an officer's own investigation report constitutes a prior statement by that officer, unless for some reason it fails to qualify under paragraph (F) of [Rule 26.2.]'" *Johnson v. State*, 145 S.W.3d 97, 122 (Tenn. Crim. App. 2004) (quoting *State v. Robinson*, 618 S.W.2d 754, 760 (Tenn. Crim. App. 1981)). However, "[a] government agent's rough notes will not be Jencks Act statement when they are not complete, are truncated in nature, or have become an unsiftable mix of witness testimony, investigator's selections, interpretation, and interpolations." *United State v. Mincoff*, 574 F.3d 1186, 1200 (9th Cir. 2009) (citations omitted).[1]

In *Clancy v. United States*, 365 U.S. 312 (1961), the United States Supreme Court addressed the issue of whether an agent's report was a "statement" producible for the purposes of impeaching the agent himself following the agent's testimony on direct

---

[1] "[T]he phrase '*Jencks* material' is derived from *Jencks v. United States*, 353 U.S. 657 (1957), and the subsequent congressional action that was ultimately incorporated into Rule 26.2 of both the Federal and Tennessee Rules of Criminal Procedure." *State v. Jerry James Hayes*, No. 02C01-09810-CC-00338, 1999 WL 668719, at *3 (Tenn. Crim. App. Aug. 26, 1999).

examination. The defense sought notes and memoranda prepared by agents of interviews of the defendants and another witness. *Clancy*, 365 U.S. at 313-14. The trial court granted the defense's request for the notes but denied the request for the memoranda because they were not made "contemporaneously" with the interview. The government conceded error, and the Court agreed. *Id.* The Court reasoned:

> Each of these statements related "to the subject matter as to which the witness has testified." Each was a "stated" as that word is defined in the Act. The requirement that it be contemporaneous applies only to "a substantially verbatim recital of an oral statement" made to a government agent. By the terms of the Act, "a written statement made by said witness and signed or otherwise adopted or approved by him" is also included. These statements fell in that category and should have been produced.

*Id.* at 314-15 (footnotes omitted). Thus, even though Ms. Powell's notes were not subject to disclosure under Rule 26.2 as the victim's statement in order to impeach the victim's testimony, the notes were subject to disclosure pursuant to Rule 26.2 as Ms. Powell's statement.

> Our supreme court has instructed that

> [w]hen demand for [the materials] was made[,] it was the duty of the trial judge to determine first of all that a writing existed. Having found there was such a writing in existence[,] his next duty was to establish that it was related to the subject matter of the witness' testimony, and that it was a statement within the definition of the rule. The court may consider whatever evidence is necessary to determine these issues. Once it has been determined that a statement is producible, the court should examine the document *in camera*. If any part of it does not relate to the subject matter of the witness' testimony[,] it is the court's duty to excise the unrelated material and order the remainder to be delivered to the moving party.

*State v. Daniel*, 663 S.W.2d 809, 811-12 (Tenn. 1983). The trial court erred in failing to take these steps and examine whether Ms. Powell's notes were subject to disclosure pursuant to Rule 26.2.

I have reviewed the notes and conclude that they reflect evidence that was presented at the trial and some statements from the victim that are inconsistent with some of the victim's statements at trial. These inconsistencies were explored by defense counsel during the trial. Accordingly, the trial court's error was harmless. *See State v. Danny Howard*, No. W2012-02109-CCA-R3-CD, 2013 WL 6254679, at *12 (Tenn.

Crim. App. Dec. 2, 2013), *perm. app. denied* (Tenn. May 15, 2014) (holding that a violation of Rule 26.2 was harmless because the information included in the withheld document was cumulative to the evidence in possession of the defense). The Defendant has failed to demonstrate that the error more probably than not affected the judgment. *See* Tenn. R. App. P. 36(b).

_____
JOHN EVERETT WILLIAMS, JUDGE