**STATE of Tennessee, Appellee,**

v.

**Frank Melvin MEEKS, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Oct. 25, 1988.

Permission to Appeal Denied by Supreme Court Jan. 30, 1989.

Robert S. Peters, Swafford, Peters & O'Neal, Winchester, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Charles E. Bush, Asst. Atty. Gen., Nashville, J. William Pope, Jr., Dist. Atty. Gen., Pikeville, for appellee.

## OPINION

JONES, Judge.

The defendant was convicted of the offenses of involuntary manslaughter by the use of a firearm and assault and battery. The trial court sentenced the defendant to serve six (6) years and six (6) months for the offense of involuntary manslaughter with the use of a firearm and eleven (11) months and twenty-nine (29) days for the offense of assault and battery. The trial court ordered the sentences to be served concurrently; and the defendant was allowed to serve his sentence in the Franklin County Jail.[1]

---

1. T.C.A. § 40–35–212(a) (Supp.1988) provides in part that "[a] defendant may be sentenced to the department of correction, or unless prohibited by law, the court may sentence the defendant to

## ISSUES PRESENTED FOR REVIEW

The defendant has presented two issues for our review. These issues include:

(a) whether the probation provisions as set forth in T.C.A. § 39–6–1710 preclude the defendant from being placed on probation, or considered for other sentencing alternatives, such as work release, when the defendant was sentenced to serve eighteen (18) months for the offense of involuntary manslaughter and an additional five-year sentence for the use of a firearm in the commission of a felony; and

(b) whether the trial court committed error in ruling the defendant was ineligible to be sentenced pursuant to the Community Corrections Act. *See* T.C.A. §§ 40–36–101 to 40–36–305 (Supp.1988).

## RULES GOVERNING DE NOVO REVIEW OF SENTENCES

■ When a defendant challenges the length, range, or the manner of service of a sentence, it is the duty of this Court to conduct a *de novo* review of the sentence without a presumption that the determinations made by the trial court are correct. T.C.A. § 40–35–402(d) (Supp.1988). *See State v. Moss,* 727 S.W.2d 229 (Tenn.1986); *State v. Scott,* 735 S.W.2d 825, 829 (Tenn. Crim.App.1987); *State v. Smith,* 735 S.W.2d 859, 863 (Tenn.Crim.App.1987); *State v. Hammons,* 737 S.W.2d 549, 553 (Tenn.Crim.App.1987); *State v. Rhoden,* 739 S.W.2d 6, 16) (Tenn.Crim.App.1987). This duty extends to sentencing issues concerning probation, *see State v. Smith,* supra, and the Community Corrections Act of 1985. *State v. Taylor,* 744 S.W.2d 919 (Tenn.Crim.App.1987). As this Court said in *Taylor:* "[T]his Court must review issues concerning the Community Corrections Act *de novo* pursuant to T.C.A. § 40–35–402(d)." 744 S.W.2d at 920.

In conducting a *de novo* review of sentences, this Court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing principles, (e) the nature and characteristics of the offense, (f) any mitigating and/or enhancing factors, (g) any statements made by the defendant in his own behalf, and (h) the defendant's potential or lack of potential for rehabilitation or treatment. T.C.A. §§ 40–35–103 and 40–35–210 (Supp.1988). *See State v. Moss,* supra; *State v. Smith,* supra.

When the defendant raises an issue concerning the suspension of a sentence and probation, this Court must also consider the circumstances of the offense, the defendant's criminal record, social history, present physical and mental condition, and the deterrent effect upon other criminal activity. T.C.A. § 40–21–104(a)(1). *See Stiller v. State,* 516 S.W.2d 617 (Tenn. 1974). Most, if not all, of these factors are to be considered in our *de novo* review of the sentences.

When the defendant raises an issue concerning sentencing pursuant to the Tennessee Community Corrections Act of 1985, T.C.A. §§ 40–36–101 to 40–36–305 (Supp. 1988), this Court must also consider the criteria set forth in the Act. *State v. Taylor,* supra.

## DE NOVO REVIEW OF PROBATION ISSUE

■ The defendant contends that T.C.A. § 39–6–1710(a)(2) does not prevent a trial court from suspending the defendant's sentence and placing the defendant on probation.[2] We agree.

In *State v. Bottenfield,* 692 S.W.2d 447, 453 (Tenn.Crim.App.1985), this Court held that the Tennessee Criminal Sentencing Reform Act of 1982 rendered T.C.A. § 39–6–1710(a)(2) inoperative with respect

a local jail, workhouse, or regional workhouse where the sentence is six (6) years or less." Here the sentence exceeds the six-year maximum and the conviction for the felony offense must be served in the Department of Correction.

2. T.C.A. § 39–6–1710(a)(2) provides: "The imposition of any sentence required by this subsection shall not be suspended, deferred, or withheld nor shall the defendant be eligible for parole prior to serving said sentence."

to crimes that occur on or after July 1, 1982. In ruling this Court said:

> [W]e find there is merit to the appellant's contention that the trial court erroneously held that the five years enhancement sentence was not subject to the Criminal Sentencing Reform Act of 1982. Recently, Presiding Judge Mark A. Walker, writing for this Court in the unreported case of *State v. Comer*, Madison Criminal, C.C.A. No. 8, filed at Knoxville on May 17, 1984, held that for an offense committed subsequent to July 1, 1982, the effective date of the Tennessee Criminal Sentencing Reform Act, it was error for the trial court to order that the five-years enhancement sentence, imposed for the use of a firearm during the commission of a felony, must be served day by day. In *Comer*, it was expressly ruled that T.C.A. § 39–6–1710(a)(2) is rendered inoperative in respect to crimes that have occurred on or after July 1, 1982. In the instant case T.C.A. § 39–6–1710(a)(2) was not applicable.

692 S.W.2d at 453.

■ However, our ruling in this regard does not mean that the defendant is entitled to have his sentence suspended and be granted probation. In *Kilgore v. State*, 588 S.W.2d 567 (Tenn.Crim.App.1979), where the defendant was convicted of voluntary manslaughter, this Court said that "exceptional circumstances must be shown in order to support probation in a case involving the death of another person at the hands of the petitioner." 588 S.W.2d at 568. *Kilgore* was cited with approval in *State v. Travis*, 622 S.W.2d 529, 534–535 (Tenn.1981). *See State v. Garren*, 644 S.W.2d 701, 703 (Tenn.Crim.App.1982) and *State v. Ford*, 643 S.W.2d 913, 917 (Tenn. Crim.App.1982).

The trial court apparently conducted a sentencing hearing pursuant to the Tennessee Criminal Sentencing Reform Act, which encompassed the issue of probation. The District Attorney General during his closing argument in opposition to sentencing the defendant pursuant to Community Corrections Act of 1985 stated in part: "He was eligible for probation and yet the Court made a conscious decision for reasons stated in the record not to put him on probation." However, a transcript of the sentencing hearing was not included in the record transmitted to this Court.

The transcript of the sentencing hearing is essential to our *de novo* review of the reasons given by the trial judge for denying probation.

■ It is the duty of the appellant to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues which form the basis of the appeal and will enable the appellate court to determine the issues. Tenn.R.App.P. 24(b). This rule applies to sentencing hearings. *State v. Beech*, 744 S.W.2d 585, 588 (Tenn.Crim.App.1987). In the absence of a transcript of the sentencing hearing this Court is precluded from considering this issue. *See State v. Groseclose*, 615 S.W.2d 142, 147 (Tenn.1981); *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983); *State v. Jones*, 623 S.W.2d 129, 131 (Tenn.Crim.App.1981). Moreover, we must conclusively presume the ruling of the trial court was correct; and the evidence contained in the record is sufficient to sustain the grounds upon which the trial court denied probation. *See State v. Jones*, supra; *State v. Baron*, 659 S.W.2d 811, 815 (Tenn.Crim.App.1983); *State v. Taylor*, 669 S.W.2d 694, 699 (Tenn.Crim.App.1983); *State v. Cooper*, 736 S.W.2d 125, 131 (Tenn.Crim.App.1987); *State v. Beech*, supra.

## DE NOVO REVIEW OF COMMUNITY CORRECTION ISSUE

The defendant also contends that the trial court committed error in refusing to sentence the defendant pursuant to the Community Corrections Act of 1985. *See* T.C.A. §§ 40–36–101 to 40–36–305 (Supp. 1988). We disagree.

■ The General Assembly limited the application of the Community Correction Act to nonviolent offenders. One of the purposes of the Act is to "[e]stablish a policy within the state of Tennessee *to punish selected, nonviolent felony offend-*

*ers* in front-end community based alternatives to incarceration, thereby reserving secure confinement facilities for violent felony offenders." T.C.A. § 40–36–103(1) (Supp.1988) [Emphasis added). One of the goals of the Act is to "[r]educe the number of *nonviolent felony offenders* committed by participating counties to correctional institutions and jails by punishing these offenders in noncustodial options as provided in this chapter." T.C.A. § 40–36–104(4) (Supp.1988) [Emphasis added].

The defendant clearly does not meet the minimum requirements for sentencing pursuant to the Act. The defendant was convicted of a violent crime, involuntary manslaughter, as opposed to a nonviolent felony, T.C.A. § 40–36–106(a)(3) (Supp.1988). Also, the felony committed by the defendant involved the use or possession of a firearm. T.C.A. § 40–36–106(a)(4) (Supp. 1988).

This issue is without merit.

The judgment of the trial court sentencing the defendant to serve a sentence of six (6) years and six (6) months in the Franklin County Jail is amended to show that the defendant is sentenced to the Department of Correction. *See* T.C.A. § 40–35–212(a) (Supp.1988). Otherwise, the judgment of the trial court is affirmed.

SCOTT, J., and ALLEN R. CORNELIUS, Jr., Special Judge, concur.