IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1997 SESSION

FILED

November 20, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9606-CC-00256 |
| | ) | |
| | ) | Putnam County |
| v. | ) | |
| | ) | Honorable Leon Burns, Jr., Judge |
| | ) | |
| DANNY HORN, | ) | (Sentencing) |
| | ) | |
| Appellant. | ) | |


For the Appellant:

David Neal Brady
District Public Defender
    and
H. Marshall Judd
Assistant Public Defender
215 Reagan Street
Cookeville, TN 38501

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
    and
Clinton J. Morgan
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

William Edward Gibson
District Attorney General
    and
Ben Fann
Assistant District Attorney General
145 South Jefferson Avenue
Cookeville, TN 38501


OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Danny Horn, appeals as of right from the sentence to confinement imposed by the Putnam County Criminal Court for his conviction of attempted aggravated sexual battery, a Class C felony. As a Range I, standard offender, the defendant received a sentence of six years in the custody of the Department of Correction. On appeal, the defendant contends that the trial court erred by denying probation or some other form of sentencing alternative to confinement. We affirm the trial court.

The defendant, thirty-three years old at the time of the offense, was indicted for two counts of aggravated sexual battery, Class B felonies, on his eleven-year-old niece. Pursuant to an agreement, the defendant pled guilty to one count of attempted aggravated sexual battery and received a six-year sentence. The other count was dismissed. The presentence report indicates that the defendant denied guilt for the offense, but pled guilty in his best interests.

The record reflects that the defendant has no prior criminal record. The presentence report shows that the defendant admitted trying marijuana at age thirteen. He claimed that the last time he used it was in 1990. He dropped out of school in the seventh grade and is illiterate. Although the defendant has never held a permanent job, he has maintained employment as a stock person, as a dishwasher and at a body shop. For approximately ten years, the defendant has worked at a body shop. However, he would work for two to three months, quit for six months, and then return to work. The defendant claimed that the paint and fumes at the body shop aggravated his asthma, preventing him from working.

2

Since July 1994, the defendant has not worked and receives disability payments. According to an evaluation conducted by the Social Security Administration, the defendant suffers from the following illnesses or limitations: chronic obstructive pulmonary disease, asthmatic bronchitis, borderline intellectional functioning, and mild depression. A letter from one of the defendant's doctors describes the defendant's chronic obstructive pulmonary disease and asthmatic bronchitis as critical and states that his outlook is "very grave." For his illnesses, the defendant takes several medications. The records of the Social Security Administration also show that the defendant required hospitalization on March 18, 1993, due to an attempted suicide. The defendant has not received ongoing psychiatric treatment.

Before trial, the defendant was evaluated pursuant to court order for purposes of determining the defendant's competency to stand trial and sanity. The evaluation revealed that the defendant was competent to stand trial and that an insanity defense could not be supported.

The victim's statement contained in the presentence report shows that the victim believes that she will never be able to trust the defendant or feel comfortable being alone with him or another male. In her statement, the victim stated that the defendant's conduct hurt her and her family and has required her to obtain counseling for approximately two years.

The presentence report also contains a statement from the victim's mother. The statement reflects that the victim had not been eating well and had started having nightmares. In her statement, the victim's mother also stated that the victim would not go outside by herself because she feared that the defendant would be hiding outside waiting to hurt her.

3

The trial court imposed confinement in the custody of the Department of Correction, stating in material part the following:

> Being an offense against a person less than 13 would make it aggravated. It's a pretty serious offense, Mr. Horn. I can hardly understand how a person, even though you might be of limited capacity, I think you still understand the difference between right and wrong. It's hard for me to understand how you could do this and then how we could say to you that because of the circumstances that you are in we will punish you by suggesting that you should be supervised for a period of time. I think this type of offense is a horrible offense. . . . If it happened, it's certainly tragic and horrible. . . . But he has been found guilty upon a plea, violated the trust of this individual, niece. The circumstances, although you contend justify something other than incarceration, it seems to me that because of the nature of this charge and the seriousness of it and the impact that must be made upon Mr. Horn and others that the Court would deny suspended sentence and remand him to D.O.C.

The defendant argues that the trial court failed to consider properly his lack of criminal record, his social history, and his physical and mental condition. He argues that the trial court improperly relied upon the nature and particular circumstances of the offense in this case which, alone, would not support a denial of probation. However, central to our holding in this case is the fact that the record on appeal does not contain a transcript from the guilty plea hearing nor any other record of the nature and circumstances of the criminal conduct upon which the trial court relied. Thus, we are not in a position to conduct a proper de novo review of the sentence by which we must consider the evidence received at the trial and the nature and characteristics of the criminal conduct. See T.C.A. § 40-35-210(b).

Also, with it appearing that the trial court relied substantially upon the nature of the offense, the fact that the transcript of the guilty plea hearing is not in the record on appeal means that we presume that the evidence supports the trial court's sentencing determinations. See, e.g., State v. Meeks, 779 S.W.2d 394, 397 (Tenn. Crim. App. 1988). In this respect, we note that the trial court would not have been

4

required to ignore the fact that the evidence actually proved the more serious offense of aggravated sexual battery, even though the defendant only pled guilty to attempt. These circumstances may very well exist in this case and justify the denial of an alternative sentence.

In any event, the appealing party has the obligation of preparing a complete and accurate record relating to the issues on appeal.  See T.R.A.P. 24(b). Absent the necessary relevant material in the record, we are essentially precluded from considering the merits of the issue.  See State v. Ballard, 855 S.W.,2d 557, 561 (Tenn. 1993).  Therefore, we must conclude that the evidence upon which the trial court relied is sufficient to sustain the grounds upon which the trial court ordered confinement.

In consideration of the foregoing and the record as a whole, the judgment of conviction is affirmed.

_____
_____Joseph M. Tipton, Judge

CONCUR:

_____
Joe G. Riley, Judge

_____
Thomas T. Woodall, Judge