# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### SEPTEMBER SESSION, 1998

FILED

October 21, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| RONALD EARL THOMAS, | ) | C.C.A. NO. 01C01-9709-CR-00407 |
| | ) | |
| Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. SETH NORMAN, JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:                     FOR THE APPELLEE:

**TERRY J. CANADY**                    **JOHN KNOX WALKUP**
211 Printer's Alley Building           Attorney General & Reporter
Suite 400
Nashville, TN  37201                   **ELIZABETH B. MARNEY**
                                       Assistant Attorney General
                                       2nd Floor, Cordell Hull Building
                                       425 Fifth Avenue North
                                       Nashville, TN  37243

                                       **VICTOR S. JOHNSON, III**
                                       District Attorney General

                                       **LILA STATOM**
                                       Assistant District Attorney General
                                       Washington Square
                                       222 Second Avenue North, Suite 500
                                       Nashville, TN  37201-1649

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Ronald Earl Thomas, appeals the order of the Davidson County Criminal Court dismissing his petition for post-conviction relief. In his sole issue on appeal, Petitioner argues that his plea of guilty was involuntary because it was the product of prosecutorial misconduct. We affirm the trial court's dismissal of the petition.

A post-conviction hearing was held on October 18, 1995, on Petitioner's claim of prosecutorial misconduct, but it appears from the record that at least one additional hearing was also held. Specifically, the trial court refers to the testimony of Petitioner and Petitioner's trial counsel in its July 30, 1997 Order denying Petitioner's petition for post-conviction relief. However, the only testimony made part of this record is that of Assistant Attorney General Nick Bailey given at the October 18, 1995 hearing. The trial court's Order also reflects that Petitioner raised other issues in addition to the prosecutorial misconduct claim raised here. The transcript of any post-conviction hearing, besides the one held October 18, 1995, is not included as part of the record on appeal. Even though the State does not address this matter, we note that the duty falls upon the Petitioner to prepare such a record and transcript necessary to convey a fair, accurate and complete account of what transpired relative to the issue(s) on appeal. Tenn. R. App. P. 24(b). In the absence of an appropriate record, we must presume that the trial court's determinations are correct. See, e.g., State v. Meeks, 779 S.W.2d 394, 397 (Tenn. Crim. App. 1988); State v. Beech, 744 S.W.2d 585, 588 (Tenn. Crim. App. 1987).

As previously mentioned, the only testimony from the post-conviction hearing included in the record is that of Assistant District Attorney General Nick Bailey, and therefore, our review of the issue presented is limited to that testimony. General Bailey had been the original prosecutor in Petitioner's case, and he testified that he never told Petitioner that he would receive a sentence of at least 320 years if Petitioner asserted his innocence to multiple counts of aggravated child abuse. He testified that he did not speak with Petitioner directly but that he may have discussed what the possible exposure would have been to the counts in the indictment with Petitioner's lawyer. In addition, General Bailey testified that he was present during part of Petitioner's taped confession and that he had since listened to that taped confession and that it did not sound tampered with or altered.

In post-conviction proceedings, a petitioner has the burden of proving his post-conviction allegations by a preponderance of the evidence. McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983). A trial court's findings of fact following a post-conviction hearing have the weight of a jury verdict. Bratton v. State, 477 S.W.2d 754, 756 (Tenn. Crim. App. 1971). On appeal, those findings are conclusive unless the evidence preponderates against the judgment. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). With that standard of review in mind, we turn to the issue presented.

The only issue presented in this appeal is fully refuted by the evidence before us. Assistant District Attorney General Bailey testified that he never told Petitioner that if he did not enter a plea of guilty he would receive at least 320 years in prison. General Bailey also testified that Petitioner's taped confession was in no way tampered with or altered. If Petitioner offered evidence to the contrary at the

hearing, it is not included in the record.  Based on these facts, we find that Petitioner has failed to carry his burden that his plea of guilty was involuntary and was the result of prosecutorial misconduct.  Petitioner has made no showing that the post-conviction court's findings are inconsistent with the evidence.  See Butler, 789 S.W.2d at 900.

Accordingly, we affirm the trial court's dismissal of Petitioner's petition for post-conviction relief.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
J. CURWOOD WITT, JR., Judge