## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

**JUNE 1999 SESSION**

FILED

October 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE**, | * | C.C.A. NO. 02C01-9902-CC-00079 |
| Appellee, | * | MCNAIRY COUNTY |
| v. | * | Hon. John Kerry Blackwood, Judge |
| **JIMMY LEWIS MATLOCK**, | * | (Sentencing) |
| Appellant. | * | |


For Appellant:

Clifford K. McGown, Jr.
113 North Court Square
P.O. Box 26
Waverly, TN 37185
(On Appeal Only)

Gary F. Antrican
118 East Market
P.O. Box 700
Somerville, TN 38068
(At Trial and Of
Counsel On Appeal)

For Appellee:

Paul G. Summers
Attorney General and Reporter
450 James Robertson Parkway
Nashville, TN 37243-0493

Patricia C. Kussman
Assistant Attorney General
425 Fifth Avenue North
2d Floor, Cordell Hull Bldg.
Nashville, TN 37243-0493


OPINION FILED: _____


AFFIRMED


NORMA MCGEE OGLE, JUDGE

## OPINION

On October 14, 1998, the appellant, Jimmy Lewis Matlock, pled guilty in the McNairy County Criminal Court to especially aggravated sexual exploitation of a minor, a class B felony.[1] On November 2, 1998, the trial court sentenced the appellant as a Range I standard offender to an effective sentence of twelve years incarceration in the Tennessee Department of Correction. The appellant contends that the trial court erred by imposing a sentence of twelve years. Following a review of the record and the parties' briefs, we affirm the judgment of the trial court.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is upon the appellant to demonstrate the impropriety of the sentence. State v. Wilkerson, 905 S.W.2d 933, 934 (Tenn. 1995).

Our review of the appellant's sentence requires an analysis of (1) the evidence, if any, received at trial and at the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offenses; (5) any mitigating or enhancement factors; (6) any statements made by the appellant on his

---

[1] The record reflects that the appellant also pled guilty to sexual battery on the same date in McNairy County Court Case # 1105; however the record does not contain the judgment of conviction. That conviction and sentence are not challenged.

own behalf; and (7) the appellant's potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102, -103, and -210 (1997).

The presumptive sentence for Class B, C, D, and E felonies is the minimum sentence in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210 (1997). If the trial court finds that there are enhancement or mitigating factors, the court must start at the minimum sentence in the range, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors. Id. The weight given to any existing factor is left to the trial court's discretion so long as the trial court complies with the purposes and principles of sentencing and the court's findings are adequately supported by the record. State v. Shropshire, 874 S.W.2d 634, 642 (Tenn. Crim. App. 1993). See also State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

Initially, we note that for those defendants who plead guilty, the guilty plea hearing is the equivalent of a trial, in that it allows the State the opportunity to present the facts underlying the offense. See State v. Keen, No. 01C01-9802-CR-00074, 1999 WL 16801, at *1 (Tenn. Crim. App. at Nashville, January 19, 1999); State v. Rhodes, No. 03C01-9405-CR-00174, 1995 WL 424956, at *2 (Tenn. Crim. App. at Knoxville, July 20, 1995). For this reason, a transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed as contemplated by Tenn. Code Ann. § 40-35-210 (1997). Keen, No. 03C01-9405-CR-00174, 1995 WL 424956, at *1.

Here, the record on appeal does not contain a transcript of the guilty plea hearing. Some of the most basic facts underlying the conviction appear in the

3

presentence report, but those facts are not enough to properly review the sentence in this case. The appellant has the burden to prepare a record on appeal that presents a complete and accurate account of what transpired in the trial court with respect to the issues on appeal. Tenn. R. App. P. 24(b). The failure to do so results in a waiver of such issues and a presumption that the findings of the trial court are correct. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

From the portions of the record on appeal, we are able to determine that on October 14, 1998, the appellant pled guilty to sexual battery in McNairy County in a case involving Angela Jones.[2] Furthermore, on October 12, 1998, the McNairy County grand jury indicted the appellant for especially aggravated sexual exploitation of a minor in the case involving C.N..[3] Two days later, the appellant pled guilty to this offense pursuant to an indictment that stated:

> Jimmy Lewis Matlock between October 17 and
> December 6, 1997, in McNairy County, Tennessee, and
> before the finding of this indictment, did unlawfully,
> feloniously and knowingly employ, use, or permit [C.N.],
> a minor, to participate in the performance or in the
> production of material which includes the minor engaging
> in sexual activity. . . .

At the sentencing hearing, the State requested that the presentence report be made part of the technical record and the appellant had no objections to it being entered. Moreover, appellant's counsel stated, "We've had a chance to review the presentence report and we stipulate to it . . . ." Neither the State nor the appellant presented additional proof. The presentence report indicated that the appellant had six convictions in Hardin County for violating Tennessee's bad check law and one conviction for attempted rape. The report also included a conviction for

---

[2]This conviction and sentence are not the basis of this appeal but are included to provide some factual background.

[3] It is the policy of this court to withhold names of minors subjected to sexual abuse.

4

rape in Tippah County, Mississippi.  The State offered as an exhibit a certified copy of the appellant's Hardin County attempted rape judgment, but only presented a copy of the indictment for the appellant's Mississippi rape conviction.

In the instant case, the appellant was convicted as a Range I offender of especially aggravated sexual exploitation of a minor, a class B felony.  Tenn. Code Ann. § 39-17-1005 (1997).  The sentencing range applicable to the appellant for this offense is eight years to twelve years.  Tenn. Code Ann. § 40-35-112 (a)(2) (1997).  The appellant received the maximum sentence of twelve years.

In determining the appellant's sentence for the conviction of especially aggravated sexual exploitation of a minor, the trial court found one enhancement factor:  the appellant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range.  The trial court found that the only mitigating factor was that the appellant admitted his guilt and thus concluded that the appellant's prior criminal history outweighed his admission of guilt.  As a result, the appellant was sentenced to twelve years incarceration in the Department of Corrections.

_____

First, the appellant complains that the trial court erred by considering the Mississippi rape conviction to further establish prior criminal history.  The trial court relied on the presentence report and a Tippah County, Mississippi indictment for rape to establish the appellant's Mississippi rape conviction.  The appellant argued that the State was required to produce a certified copy of the Mississippi conviction before the trial court could consider that conviction.  We cannot agree.

This court has previously stated that the trial court is in the best

5

position to know the procedures used by the presentence officers in his or her court and is entitled to rely on such report's contents, absent a showing that the report is based upon unreliable sources or is otherwise inaccurate. State v. Crossman, No. 01C01-9311-CR-00394, 1994 WL 548712, at *6 (Tenn. Crim. App. at Nashville, October 6, 1994).

In this case, the State offered the presentence report and the appellant did not object to it being entered. The appellant did not challenge the existence of the Mississippi rape conviction, only arguing that the State was required to have certified copies of the conviction before it could be used to enhance the sentence. We conclude that the appellant's reaction by not objecting to the existence of the proffered convictions in the presentence report provides an adequate indicia of reliability. See State v. Hines, No. 01C01-9406-CC-00189, 1995 WL 316304, at *3 (Tenn. Crim. App. at Nashville, May 25, 1995). Therefore, the trial court's use of the prior convictions described in the presentence report was permissible and based on competent evidence. This issue is without merit.

The appellant also contends that the trial court imposed an excessive sentence and that the appellant is an appropriate candidate for sentencing under the "special needs" provision of the Community Corrections Act. However, central to our holding in this case is the fact that the record on appeal does not contain a transcript of the guilty plea hearing nor any other record of the nature and circumstances of the criminal conduct other than the findings by the trial court and the presentence report. Thus, we are not in a position to conduct a proper de novo review of the sentence by which we must consider the evidence received at trial and the nature and characteristics of the criminal conduct. See Tenn. Code Ann. § 40-35-210(b). Because the record is incomplete, we must presume that had all the

evidence considered by the trial court been included in the record on appeal, it would have supported the sentence imposed by the trial court. See State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993); Oody, 823 S.W.2d at 559; State v. Meeks, 779 S.W.2d 394, 397 (Tenn. Crim. App. 1988). Moreover, the obligation of preparing a complete and adequate record for the issues on appeal rests with the appellant. Tenn. R. App. P. 24(b).

Nevertheless, the record reflects that the appellant has now been convicted of three sex-related offenses, at least one of which involved a child. Thus, despite the inadequate record, we can conclude that it is adequate to determine that the trial court did not err in sentencing the appellant to a twelve year sentence in the Department of Corrections.

Accordingly, the judgment of the trial court is affirmed.

_____

Norma McGee Ogle, Judge

CONCUR:

_____

David H. Welles, Judge

_____

Thomas T. Woodall, Judge

7