IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 5, 2007

## STATE OF TENNESSEE v. SCOTT CHRISTOPHER MAGNESS

**Direct Appeal from the Circuit Court for Hardin County**
**No. 8493     Julian P. Guinn, Judge**

_____

**No. W2006-01608-CCA-R3-CD  - Filed August 27, 2007**

_____

The defendant, Scott Christopher Magness, appeals as of right from the sentence of confinement imposed by the Hardin County Circuit Court for his conviction of attempted aggravated sexual battery, a Class C felony.  As a Range I, standard offender, the defendant received a sentence of six years in the Tennessee Department of Correction.  On appeal, the defendant contends that the trial court erred by denying alternative sentencing.  We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Chadwick G. Hunt, Savannah, Tennessee, for the appellant, Scott Christopher Magness.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Robert "Gus" Radford, District Attorney General; and John W. Overton, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant was indicted on one count of aggravated sexual battery.  Thereafter, the defendant pled guilty to attempted aggravated sexual battery and received a six-year sentence.  At the sentencing hearing, the defendant's presentence and mental evaluation reports were presented. The presentence report reflected that the defendant had a few prior misdemeanor convictions including drug possession, theft, indecent exposure, and traffic offenses.  The presentence report also contained statements from the nine-year-old victim and the victim's mother.  These statements indicated that the defendant's crime caused the victim to lose sleep, miss school, and seek counseling.  The female victim also could not get along with males, was afraid of being alone, and could not wear a dress.  The victim's entire family suffered from emotional and mental stress and missed several days of work.  The defendant's mental evaluation report was also introduced at the hearing.  However, the mental evaluation was not included in the record on appeal.  The court also

asked the state about the underlying factual basis for the defendant's plea. Without objection, the state responded, "[o]ur proof would have been at trial that it was penile penetration." The court then made the following findings:

> This is a Class C Felony and as required by 40-35-102 there is the legal presumption that he is a favorable candidate for some alternative means of service. . . . [T]his court has had to consider a number of separate factors, in particular to get to the circumstances of this offense. This was not mere children playing around. This was an adult taking advantage of a young girl. I have considered, in particular, the effect [the crime] had upon the victim. There have been and are ongoing emotional problems that continue to this day and will more than likely continue on into adulthood.
>
> While that is not the sole determinate factor, that is certainly something that I do bring to the attention of the upper courts in ruling on this question[], because I think it is of significance.
>
> I have considered the criminal record of the defendant. It is admittedly not of a felony nature, but is of such a nature that it is something to be considered as a factor in [] ruling on this question.
>
> I have considered his social history. I did particularly considered [sic] this report that comes through from this PhD. William R. Sewell, which is undated, but essentially reveals the problem that he had in evaluating [the defendant] from the point of view of [the defendant's] unwillingness to deal with him truthfully.
>
> [The defendant] can not even deal with himself truthfully and come to grips with the crime that he has committed.
>
> I am of the opinion that alternative means of service would not be in the best interest of justice and it would not be in the best interest of the public, and it certainly wouldn't be in the best interest of this defendant.
>
> I have considered the deterrent effect. Lastly, I am of the strong opinion that confinement is necessary to avoid depreciating the seriousness of a crime with this particular factual situation.
>
> Alternative means of service is hereby denied.

On appeal, the defendant argues that the trial court ignored the sentencing considerations set forth in Tennessee Code Annotated section 40-35-103. Specifically, the defendant argues that the court failed to properly consider his minimal criminal record, his mental evaluation, and the fact that he pled guilty to the lesser-included offense of attempted aggravated sexual battery.

When an accused challenges the length and manner of service of a sentence, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). This presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999). However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

In this case, the defendant was entitled to the presumption that he was a favorable candidate for alternative sentencing because he was convicted of a Class C felony, his actual sentence was ten years or less, and the offense for which he was sentenced was not specifically excluded by statute. *See* Tenn. Code Ann. §§ 40-35-102(6) & -303(a). Pursuant to Tennessee Code Annotated section 40-35-103, a trial court is "encouraged to use alternatives to incarceration that include requirements of reparation, victim compensation and/or community service." However, a trial court may determine incarceration rather than alternative sentencing is appropriate if the evidence shows that:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1)(A)-(C). As part of its determination, the trial court may also consider the defendant's potential or lack of potential for rehabilitation. *Id*. § 40-35-103(5). There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. *Id*. § 40-35-103(2); *State v. Boggs*, 932 S.W.2d 467, 476-77 (Tenn. Crim. App. 1996).

In the instant case, the record reflects that the trial court relied substantially upon the seriousness of the offense and the defendant's lack of rehabilitation potential as reflected in the mental evaluation when denying alternative sentencing. Initially, we note that the trial court is not required to ignore actual proof of a more serious offense than the offense to which the defendant entered a plea. *See State v. Danny Horn*, No. 01C01-9606-CC-00256, 1997 WL 722792, *2 (Tenn. Crim. App., at Nashville, Nov. 20, 1997). More importantly, however, the appellate record does not contain a transcript from the plea hearing or the mental evaluation report upon which the trial

court relied. It is well-settled that the defendant, as the appealing party, has the burden of preparing a complete and accurate record relating to the issues on appeal. Tenn. R. App. P. 24(b). In the absence of a full and complete record revealing the issues that form the bases for the appeal, we must presume that the trial court was correct in its determination of confinement. *State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993); *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); *State v. Meeks*, 779 S.W.2d 394, 397 (Tenn. Crim. App. 1988). Accordingly, the defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
J.C. McLIN, JUDGE