IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 8, 2007

**STATE OF TENNESSEE v. MAURICE EMERY**

**Appeal from the Circuit Court for Gibson County**
**No. H6980     Clayburn Peeples, Judge**

_____

**No. W2006-02300-CCA-R3-CD   -   Filed September 13, 2007**

_____

The defendant, Maurice Emery, appeals from his Gibson County Circuit Court convictions of possession with intent to sell one-half gram or more of cocaine, a Class B felony, possession of marijuana, a Class A misdemeanor, and possession of drug paraphernalia, a Class A misdemeanor. See T.C.A. §§ 39-17-417, -418, -425.  The defendant, a Range II multiple offender, is serving an effective twelve-year sentence in the Department of Correction for these convictions.  He claims (1) that the trial court erred in denying his motion to sever his case from that of his co-defendant, (2) that his arrest was not supported by probable cause, and (3) that he was denied the effective assistance of counsel.  We hold that the defendant is not entitled to relief and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Michael A. Carter, Milan, Tennessee, for the appellant, Maurice Emery.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Garry G. Brown, District Attorney General; and Jerald M. Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This is the defendant's second direct appeal.  In the first appeal, this court held that an untimely motion for new trial prevented us from reviewing any of the issues he raised other than his challenge to sufficiency of the evidence, which the court held was sufficient. State v. Thelisa Emery and Maurice Emery, Nos. W2002-02698-CCA-R3-CD, W2003-03355-CCA-R3-CD, Gibson County (Tenn. Crim. App. Mar. 15, 2004), app. denied (Tenn. Oct. 4, 2004).  The defendant filed a petition for post-conviction relief, seeking a delayed appeal and traditional post-conviction relief based on ineffective assistance of trial counsel.  The trial court granted him a delayed appeal and authorized the filing of a motion for new trial, conducted a hearing, denied his motion for new trial, and held

his post-conviction claims in abeyance pending the outcome of his appeal of the denial of the motion for new trial. See Wallace v. State, 121 S.W.3d 652 (Tenn. 2003) (holding that a defendant who received ineffective assistance of counsel because trial counsel failed to file a timely motion for new trial, thereby waiving all appellate claims other than sufficiency of the evidence, was entitled to a motion for new trial and delayed direct appeal pursuant to the Post-Conviction Procedure Act, see T.C.A. § 40-30-113).

Brandon Hunt testified at the hearing that had trial counsel called him as a trial witness, he would have testified that he did not buy cocaine from the defendant on the day of the defendant's arrest. Hunt said he was not in town on the date of the defendant's arrest. He said that if Clifford Woodruff testified at trial that Woodruff witnessed Hunt buy cocaine from the defendant, he would have denied this.

Thelisa Emery testified that she was the defendant's sister and was tried with the defendant. She said that if she had already been tried, she would have testified for the defendant that he did not live with her and had not been staying with her. She said the clothing found in the back room of her home belonged to her cousin, Antonio Perry, not the defendant. She said the defendant had been at her house "[n]ot even a couple of hours" before his arrest.

The defendant testified that he understood that the trial court was holding his post-conviction claims in abeyance. He said that the issues upon which he sought relief in his motion for new trial were the same as those upon which he sought post-conviction relief. He proceeded to testify about his complaints about trial counsel's performance. He said that he told trial counsel about Brandon Hunt but that he was unaware whether counsel ever interviewed Hunt. He said he told counsel he did not live at the house where he was arrested. He said he told counsel to investigate the address he had given the police when he was arrested a week before the arrest in this case in order to corroborate his claim that he did not live at the house, but he claimed that counsel never did so. He said that he told counsel that he did not have clothing or shotgun shells in the house, that he asked counsel to object to the state's proof to the contrary, and that counsel did not make the objection. He said that trial counsel made an oral motion on the day of the trial to sever the defendant's case from Thelisa Emery's case, that counsel did not file a written motion, and that the motion was denied. He said that he was not identified in the search warrant which precipitated his arrest and that "Marcus James Emery" who was listed on the warrant was his cousin, who lived at the house where the defendant was arrested. The defendant denied that Cassandra Pettigrew had said the defendant lived at the house.

Danny Lewis testified that he was employed by the City of Humboldt, that he was assigned to the Drug Task Force, and that he was involved in executing the search warrant at the house where the defendant was arrested. He said he interviewed Cassandra Pettigrew before obtaining the warrant, who told him that she had been the defendant's girlfriend for five or six months and that she visited the defendant at the house in question. He said that large men's clothing was found in the back of the house and that the drugs recovered were in the same room as the clothing. He said the drugs were stuffed into the back of a wall ornament. He said that there were also some shotgun

shells recovered and that the defendant made a statement that he had been hunting. He said the information upon which he determined that the defendant was living at the house included the clothing and shotgun shells in the house, the statements of Cassandra Pettigrew and Clifford Woodruff, and his own observations of the defendant at the house. He acknowledged that Marcus James Emery and the defendant, Maurice Emery, were different people, and he said he knew who the defendant was.

Trial counsel testified that counsel for the co-defendant filed a written motion to sever the day before trial in which he joined on the day of trial. He said he was prepared at the argument on the motion and that he would not have argued it differently had he filed a written motion. He said the defendant admitted that he had clothing in the house because he had changed clothes there after hunting. Counsel said he cross-examined Detective Lewis about whether the defendant actually lived there. He said he was aware of Cassandra Pettigrew's statement that the defendant lived at the house and that he did not recall her telling him otherwise. He said it would not have been a good idea to use her as a witness if her testimony was opposite her statement. He said there was another witness, whom he thought might have been Brandon Hunt and whom he was unable to locate. He said the defendant never gave him an address for the witness. Counsel acknowledged that his motion for new trial had been untimely.

## Denial of Severance

The defendant contends he was entitled to a severance to promote a fair determination of his guilt or innocence. The state responds that the defendant has waived appellate review of this issue by failing to include the trial record in the record on appeal, and in any event, that the defendant has not shown that the trial court abused its discretion in denying him a severance.

The Rules of Criminal Procedure provided at the time of the defendant's trial that a defendant was entitled to a severance of defendants before trial if severance is required "to protect a defendant's right to a speedy trial or it is deemed appropriate to promote a fair determination of the guilt or innocence of one or more defendants[.]" Tenn. R. Crim. P. 14(c)(2)(I) (2001). During trial, the court may order a severance if, "with consent of the defendant to be severed, it is deemed necessary to achieve a fair determination of the guilt of innocence of one or more of the defendants." Tenn. R. Crim. P. 14(c)(2)(ii) (2001). The decision whether to grant a severance lies within the sound discretion of the trial court. State v. Meeks, 867 S.W.2d 361, 369 (Tenn. Crim. App. 1993); State v. Coleman, 619 S.W.2d 112, 116 (Tenn. 1981). Thus, we review this issue for abuse of discretion. See State v. Shirley, 6 S.W.3d 243, 246-47 (Tenn. 1999) (adopting abuse of discretion review for cases involving severance of offenses).

"A motion to consolidate or sever offenses is typically a pre-trial motion, see Tenn. R. Crim. P. 12(b)(5), and consequently, evidence and arguments tending to establish or negate the propriety of consolidation must be presented to the trial court in the hearing on the motion." State v. Spicer, 12 S.W.3d 438, 445 (Tenn. 2000) (footnote omitted). Appellate review for abuse of the trial court's

discretion is properly of the evidence and arguments presented at the hearing and the trial court's findings of fact and conclusions of law.  See id.

Initially, the state contends that the defendant has waived review of this issue by failing to include the trial record in the record on appeal.  The appealing party has the obligation of preparing a record that includes transcripts of evidence and proceedings "necessary to provide a fair, accurate, and complete account of what transpired" with respect to the issues on appeal.  T.R.A.P. 24(b); State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999).  In the absence of an appropriate record, we must presume that the trial court's determinations are correct.  See, e.g., State v. Meeks, 779 S.W.2d 394, 397 (Tenn. Crim. App. 1988).  That said, this court may take notice of record of the prior proceedings in the same case.  Caldwell v. State, 917 S.W.2d 662, 666 (Tenn. 1996); Delbridge v. State, 742 S.W.2d 266, 267 (Tenn. 1987).

We have taken notice of that record and reviewed it relative to the defendant's severance issue.  However, that record does not contain a transcript of the proceedings on the motion to sever.  Before the parties began presenting proof, the trial judge noted on the record, "Each defendant has requested that his or her case be severed and tried separately and I have denied that motion."  No other information about the motion to sever appears.  Given the absence of an adequate record with respect to the defendant's pretrial effort to obtain a severance, we must presume that the trial court's determinations were correct.  Meeks, 779 S.W.2d at 397; Thelisa Emery and Maurice Emery, slip op. (presuming on basis of inadequate record of hearing on pretrial motion to sever that trial court correctly denied severance motion of co-defendant Thelisa Emery).

The record of the prior appeal does contain a transcript of the trial proceedings, and we have reviewed it to determine whether the trial court should have ordered a severance during the trial, as contemplated by Rule of Criminal Procedure 14.  We note that, in pertinent part, subsection (a) of Rule 14 provided at the time of the defendant's trial

> A defendant's motion for severance of offenses or defendants must be made before trial, except that a motion for severance may be made before or at the close of all evidence if based upon a ground not previously known.  Severance is waived if the motion is not made at the appropriate time. . . .

Tenn. R. Crim. P. 14(a) (2001).  The trial record reflects that the defendant did not make a motion for severance during the trial.  The defendant waived any complaint about the trial court not granting a mid-trial severance by failing to make a severance motion during or at the close of the evidence at trial.  He is therefore not entitled to relief.

### Legality of the Defendant's Arrest

The defendant claims that his arrest was not supported by probable cause because he had no drugs or drug paraphernalia on his person and was not engaged in criminal activity.  The state argues

that the defendant has waived this issue because the record does not reflect that the defendant raised it before the trial and because the record before the court is inadequate for review of the issue. Alternatively, the state argues that the drugs and paraphernalia found in the home that were the subject of a search warrant, the defendant's clothes in the bedroom where drugs were recovered, and evidence that the defendant stayed at the house provided probable cause for the defendant's arrest.

As we noted in the previous section, this court has exercised its authority to take notice of the record of the defendant's earlier appeal. In so doing, we have found no indication that the defendant made a pretrial motion to suppress evidence obtained from an allegedly illegal arrest. A motion to suppress must be made before a trial. Tenn. R. Crim. P. 12(b)(2). Otherwise, any defense or objection is waived. Tenn. R. Crim. P. 12(f); State v. Clark, 67 S.W.3d 73, 76 (Tenn. Crim. App. 2001). This issue is not properly before the court.

### Ineffective Assistance of Counsel

The defendant contends he did not receive the effective assistance of counsel in the earlier proceedings because counsel failed to interview Brandon Hunt and call Hunt as a trial witness and failed to file a written motion to sever and to preserve the record on the severance issue. The state argues that the defendant's claims are not properly before the court because they are premature given the trial court's ruling that the post-conviction claims were held in abeyance pending appellate disposition of the trial court's denial of the motion for new trial. The state argues, as well, that the defendant has not shown that trial counsel was ineffective.

First, we note that the defendant raised ineffective assistance of counsel as a claim in the motion for new trial as well as in his attempt to obtain post-conviction relief. The trial court denied the motion for new trial and held the post-conviction claims in abeyance pending the outcome of the appeal of the motion for new trial. In the context of ruling on the motion for new trial, the trial court said, "I know this is not a Post Conviction hearing, but I do think that [trial counsel's] explanations were at least sufficient to survive a challenge as you're making now that your client was denied a fair trial due to ineffectiveness of counsel." Defense counsel requested that the court specify in its written order that the post-conviction petition was still pending. Counsel also stated, "This direct appeal will take a year and then we'll come back and argue the Post Conviction at that point."

Historically, this court has been hesitant to address claims of ineffective assistance of counsel raised on direct appeal, as opposed to in post-conviction proceedings. See, e.g., Thompson v. State, 958 S.W.2d 156 (Tenn. Crim. App. 1997); State v. Anderson, 835 S.W.2d 600, 606-07 (Tenn. Crim. App. 1992). Nevertheless, there is no prohibition against litigation of ineffective assistance of counsel claims in conviction, as opposed to collateral, proceedings. See, e.g., State v. Burns, 6 S.W.3d 453, 461-63 (Tenn. 1999) (granting relief in direct appeal on ineffective assistance of counsel claim).

In the present case, the record reflects that the trial court did not make any findings of fact on the ineffective assistance of counsel claim and indicates that the court and the parties

contemplated that the court would rule on the issue after the direct appeal. Given this procedural posture, our consideration of the issue is premature. We decline to review it.

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE