IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1998 SESSION



**FILED**

**April 8, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9710-CR-00441 |
| | ) | |
| | ) | Washington County |
| v. | ) | |
| | ) | Honorable Arden L. Hill, Judge |
| | ) | |
| JUAN ALFONZO HILL, | ) | (Rape of a child) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Fred Lance
804 West Market Street
Johnson City, TN 37601

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Sandy C. Patrick
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

David E. Crockett
District Attorney General
Route 19, Box 99
Johnson City, TN 37601
        and
Joe Crumley
Assistant District Attorney General
P.O. Box 38
Jonesborough, TN 37659

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Juan Alfonzo Hill, appeals as of right following his conviction by a jury in the Washington County Criminal Court for rape of a child, a Class A felony. The defendant was sentenced to thirty-five years confinement to be served in the custody of the Department of Correction as a Range II, multiple offender and was fined twenty-five thousand dollars. In this appeal, the defendant presents the following issues for our review:

> (1) whether the trial court erred by allowing extensive questioning of the defendant on cross-examination about his previous convictions;
>
> (2) whether the trial court erred by admitting a prejudicial tape-recorded conversation between the defendant and the officer investigating his case; and
>
> (3) whether the trial court imposed an excessive sentence.

We affirm the judgment of conviction.

The record in this case reveals that the defendant lived with the victim, then seven years old, and the victim's mother. It reflects that on the night of May 16, 1994, when the defendant and victim were home and the victim's mother was gone, the defendant had sexual intercourse with the victim. Before trial, the defendant made a statement to Sergeant Debbie Barron in which he claimed that as he was falling asleep on the night of the offense, the victim climbed on top of him and began moving on his penis with her vagina. He claimed that he did not know why he had an erection but that when he woke up, he pushed off the victim and told her to go to bed. At trial, however, the defendant testified that he was with the victim's mother on the night of May 16 and was never alone with the victim that night. He denied raping the victim.

# I.  IMPEACHMENT EVIDENCE

The defendant contends that the trial court erred by allowing the state to cross-examine him extensively about his prior convictions for witness coercion and assault with intent to commit first degree murder.  He argues that the evidence should have been excluded as prejudicial under Rule 403, Tenn. R. Evid.  The state contends that the convictions were admissible pursuant to Rule 609(a), Tenn. R. Evid.  The state further argues that the defendant opened the door to the extensive questioning when he testified about the convictions on direct examination and gave self-serving explanations.

The trial court has discretion in determining whether the probative value of a defendant's prior conviction is outweighed by the prejudicial effect of introducing the conviction.  Only an abuse of that discretion may avail the defendant any relief.  State v. DuBose, 953 S.W.2d 649, 652 (Tenn. 1997).

The record reflects that pursuant to Rule 609, Tenn. R. Evid., the state filed notice before trial of its intent to use evidence of the defendant's prior convictions to impeach the defendant if he testified.  The trial court held a hearing on the issue and concluded that if the defendant testified, the convictions would be admissible to impeach his testimony.  The trial court further found that the probative value of the convictions outweighed any prejudicial effect.

The defendant testified at trial and admitted on direct examination that he had been convicted for witness coercion and assault with intent to commit first degree murder.  He explained in detail the facts surrounding the incident that formed the basis for the convictions.  On cross-examination, the state went into more detail about the facts surrounding the previous convictions, and the defendant objected.  The trial court agreed that the state was going into more detail than was necessary for impeachment

3

but concluded that the defendant opened the door for the questions by testifying about the prior convictions in detail on direct examination.

First, we note that the trial court properly ruled that the defendant's convictions were admissible pursuant to Rule 609, Tenn. R. Evid. We see no abuse of discretion in this regard. Second, we hold that the trial court did not err by allowing the state to go into detailed questions about the facts surrounding the convictions, in light of the defendant's testimony on direct examination. "'Irrespective of admissibility under Rule 609 . . ., a conviction may be used to contradict a witness who 'opens the door' and testifies on direct examination that he or she has never been convicted of a crime, or to counter some other facet of direct testimony.'" State v. Kendricks, 947 S.W.2d 875, 883 (Tenn. Crim. App. 1996) (quoting Cohen, Sheppeard & Paine, Tennessee Law of Evidence, § 609.1 (3d ed. 1995)).

## II. ADMISSION OF TAPE-RECORDED CONVERSATION

The defendant contends that the trial court erred by admitting into evidence a tape-recorded conversation between him and Sergeant Debbie Barron. He argues that in the recording, he revealed irrelevant and prejudicial information about his being molested as a child, his drug use, and his prior conviction for driving under the influence (DUI). The state contends that the conversation was probative because the defendant recanted portions of his previous statement to police and discussed the facts of the offense.

At trial, Sergeant Debbie Barron testified that on June 21, 1994, the defendant made an unsolicited telephone call to her at the police station. Sergeant Barron explained that at the time of the call, the telephones were automatically connected to a recorder. She testified that all but the first few words of the conversation were recorded.

4

The tape was played for the jury. During the taped conversation, the defendant told Sergeant Barron that he was under the influence of sleeping pills when he previously told her that the victim got on top of him and moved up and down on him. He said that the statement was not true and that he must have been dreaming or thinking about something else. He also told Sergeant Barron that he had to make up something to sound good because he was molested as a child and knew how the victim felt. The defendant also made a reference to the fact that he had previously used drugs and had a prior DUI charge.

The trial court has discretion in determining whether evidence meets the test for relevancy set forth in Rule 402, Tenn. R. Evid. State v. Forbes, 918 S.W.2d 431, 449 (Tenn. Crim. App. 1995). It is also within the trial court's discretion to determine the probative value and danger of unfair prejudice regarding the evidence. State v. Burlison, 868 S.W.2d 713, 720-21 (Tenn. Crim. App. 1993). This court will only reverse a trial court's decision if the trial court abused its discretion. State v. Williamson, 919 S.W.2d 69, 78 (Tenn. Crim. App. 1995).

First, we conclude that the trial court did not abuse its discretion by allowing into evidence the portion of the tape in which the defendant referred to his being molested as a child. The defendant's statement related to his recantation of his earlier confession, and the trial court did not abuse its discretion by determining that the probative value was not outweighed by the danger of unfair prejudice. With respect to the defendant's references to his previous drug use and DUI charge, we question their relevance. The better practice would have been to redact the irrelevant portions of the tape prior to trial, although we note that there is no evidence in the record to show that the defendant attempted to do this. Regardless, the admission of these statements was harmless in light of the evidence against the defendant. T.R.A.P. 36(b); Tenn. R. Crim. P. 52(a).

5

### III. SENTENCING

The defendant contends that the trial court erred by imposing an excessive sentence and by ordering that he serve his sentence in the present case and a previous sentence consecutively. The state contends that the defendant was properly sentenced.

At the sentencing hearing, the state produced evidence that the defendant was on parole from his conviction for assault with intent to commit first degree murder at the time of the present offense. The state also produced evidence of the defendant's previous convictions for coercion of a witness, DUI and driving on a revoked license. The defendant was sentenced as a Range II, multiple offender subject to a range of punishment from twenty-five to forty years. The trial court found the following enhancement factors applicable, as listed in T.C.A. § 40-35-114:

> (1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
>
> (8) The defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community;
>
> (13) The felony was committed while on . . . . [parole]; [and]
>
> (15) The defendant abused a position of public or private trust . . . .

It sentenced the defendant to thirty-five years confinement in the Department of Correction, to be served consecutively to his previous sentence for assault with intent to commit first degree murder.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). As the Sentencing Commission Comments to this section note, the burden is now on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately

6

supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred.  State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

However, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances."  State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  In this respect, for the purpose of meaningful appellate review,

> the trial court must place on the record its reasons for arriving at the final sentencing decision, identify the mitigating and enhancement factors found, state the specific facts supporting each enhancement factor found, and articulate how the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. T.C.A. § 40-35-210(f) (1990).

State v. Jones, 883 S.W.2d 597, 599 (Tenn. 1994).

Also, in conducting a de novo review, we must consider (1) the evidence, if any, received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct, (5) any mitigating or statutory enhancement factors, (6) any statement that the defendant made on his own behalf and (7) the potential for rehabilitation or treatment.  T.C.A. §§ 40-35-102, -103, -210; see Ashby, 823 S.W.2d at 168; State v. Moss, 727 S.W.2d 229, 236-37 (Tenn. 1986).

Under the sentencing statute in effect at the time of the offense in the present case, the sentence to be imposed by the trial court is presumptively the minimum in the range unless there are enhancement factors present.  See T.C.A. § 40-35-210(c) (1989).  Procedurally, the trial court is to increase the sentence within the range based upon the existence of enhancement factors and then reduce the sentence

7

as appropriate for any mitigating factors. T.C.A. § 40-35-210(d) and (e). The weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record. T.C.A. § 40-35-210, Sentencing Commission Comments; Moss, 727 S.W.2d at 237; see Ashby, 823 S.W.2d at 169.

Initially, we note that the defendant has hampered our de novo review in this case by failing to include the presentence report in the record on appeal. It is incumbent upon the appellant to prepare a record that conveys a fair, accurate and complete account of what transpired relative to the issues on appeal. T.R.A.P. 24(b). In the absence of an appropriate record, we must presume that the trial court's determinations are correct. See, e.g., State v. Meeks, 779 S.W.2d 394, 397 (Tenn. Crim. App. 1988); State v. Beech, 744 S.W.2d 585, 588 (Tenn. Crim. App. 1987).

The defendant first contends that he received an excessive sentence. Specifically, he argues that the trial court erred in applying enhancement factor (1) and by failing to apply in mitigation the fact that his conduct neither caused nor threatened serious bodily injury. T.C.A. § 40-35-113(1). With respect to the application of enhancement factor (1), the defendant contends that the state used his conviction for assault with intent to commit first degree murder, a Class A felony, to establish a higher sentencing range and separately relied on his conviction for coercion of a witness for application of enhancement factor (1). He argues that this was improper because the two convictions were linked together as a single course of conduct. This issue is without merit. The defendant has two separate convictions for two separate crimes, and the use of one conviction to establish a higher range and the other conviction to enhance within that range is proper. Furthermore, the defendant had other convictions for DUI and driving on a revoked license that would trigger the application of enhancement factor (1).

The defendant argues that the trial court erred by failing to apply mitigating factor (1), that the offense neither caused nor threatened serious bodily injury. T.C.A. § 40-35-113(1). The state concedes that the victim did not suffer serious bodily injury but argues that the factor should not apply because the defendant's conduct threatened serious bodily injury and caused psychological trauma. We question whether the trial court actually rejected application of mitigating factor (1), given the fact that the trial court stated that it weighed the mitigating factors raised by defense counsel. In any event, even with its application, we do not believe it alters the sentence imposed by the trial court.

The victim indicated that the sexual penetration was very painful. Her grandmother testified that the incident and the events surrounding the trial made the victim nervous, upset, tense and scared. She said that the victim had headaches and vomiting because of her fear and nervousness. Even if mitigating factor (1) is applicable, we believe that it is entitled to very little weight, and the thirty-five-year sentence is supported by the record.

Finally, the defendant contends that the trial court erred by ordering him to serve his thirty-five-year sentence consecutively to his previous sentence for assault with intent to commit first degree murder. We believe that the evidence supports the trial court's imposition of a consecutive sentence. The evidence reflects that the defendant was on parole for the assault conviction when he committed the present offense. Pursuant to T.C.A. § 40-28-123, the defendant must complete the sentence for the offense for which he was paroled before serving the subsequent sentence for the later felony committed while on parole. The defendant's consecutive sentencing is mandated by law.

In consideration of the foregoing and the record as a whole, the judgment of conviction is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Joe G. Riley, Judge


_____
Thomas T. Woodall, Judge